B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT **WESTERN DISTRICT OF VIRGINIA, HARRISONBURG DIVISION** | **VOLUNTARY PETITION** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle): **White, Craig Douglas** | Name of Joint Debtor (Spouse) (Last, First, Middle): **White, Cheryl Neal** |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): **5242** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): **8132** |
| Street Address of Debtor (No. and Street, City, and State): **2141 Broadhead School Road** **Middlebrook, Virginia**                              ZIP CODE **24459** | Street Address of Joint Debtor (No. and Street, City, and State): **2141 Broadhead School Road** **Middlebrook, Virginia**                              ZIP CODE **24459** |
| County of Residence or of the Principal Place of Business: **AUGUSTA** | County of Residence or of the Principal Place of Business: **AUGUSTA** |
| Mailing Address of Debtor (if different from street address):                              ZIP CODE | Mailing Address of Joint Debtor (if different from street address):                              ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):                              ZIP CODE | |

| **Type of Debtor** (Form of Organization) (Check **one** box.) | **Nature of Business** (Check **one** box.) | **Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check **one** box.) |
|---|---|---|
| [x] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.* [ ] Corporation (includes LLC and LLP) [ ] Partnership [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.) | [ ] Health Care Business [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B) [ ] Railroad [ ] Stockbroker [ ] Commodity Broker [ ] Clearing Bank [ ] Other | [x] Chapter 7          [ ] Chapter 15 Petition for [ ] Chapter 9              Recognition of a Foreign [ ] Chapter 11            Main Proceeding [ ] Chapter 12          [ ] Chapter 15 Petition for [ ] Chapter 13            Recognition of a Foreign                              Nonmain Proceeding |

| **Chapter 15 Debtors** Country of debtor's center of main interests:  Each country in which a foreign proceeding by, regarding, or against debtor is pending: | **Tax-Exempt Entity** (Check box, if applicable.)  [ ] Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts** (Check **one** box.)  [x] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."   [ ] Debts are primarily business debts. |
|---|---|---|

| **Filing Fee** (Check one box.)  [x] Full Filing Fee attached.  [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.  [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Chapter 11 Debtors** Check one box: [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). [ ] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).  Check if: [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).  - - - - - - - - - - - - - - - - - - - - - - - - - - - - - Check all applicable boxes: [ ] A plan is being filed with this petition. [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
|---|---|

| **Statistical/Administrative Information**  [ ] Debtor estimates that funds will be available for distribution to unsecured creditors. [x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | **THIS SPACE IS FOR COURT USE ONLY** |
|---|---|

Estimated Number of Creditors

| [x] 1-49 | [ ] 50-99 | [ ] 100-199 | [ ] 200-999 | [ ] 1,000-5,000 | [ ] 5,001-10,000 | [ ] 10,001-25,000 | [ ] 25,001-50,000 | [ ] 50,001-100,000 | [ ] Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| [ ] $0 to $50,000 | [ ] $50,001 to $100,000 | [x] $100,000 to $500,000 | [ ] $500,001 to $1 million | [ ] $1,000,001 to $10 million | [ ] $10,000,001 to $50 million | [ ] $50,000,001 to $100 million | [ ] $100,000,001 to $500 million | [ ] $500,000,001 to $1 billion | [ ] More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| [ ] $0 to $50,000 | [ ] $50,001 to $100,000 | [x] $100,001 to $500,000 | [ ] $500,001 to $1 million | [ ] $1,000,001 to $10 million | [ ] $10,000,001 to $50 million | [ ] $50,000,001 to $100 million | [ ] $100,000,001 to $500 million | [ ] $500,000,001 to $1 billion | [ ] More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

B1 (Official Form 1)  (04/13)

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | **Name of Debtor(s): White, Craig Douglas and White, Cheryl Neal** |
|---|---|

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.)

| Location Where Filed: **NONE** | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.)

| Name of Debtor: **NONE** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X ___/s/ Jeffrey A Ward_____  ___May 8, 2014____<br>　　Signature of Attorney for Debtor(s)　　(Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐　Yes, and Exhibit C is attached and made a part of this petition.

☒　No.

**Exhibit D**

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☒　Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☒　Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☒　Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐　There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐　Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐　Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐　Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐　Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐　Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition | Name of Debtor(s): **White, Craig Douglas and White, Cheryl Neal** |
|---|---|
| *(This page must be completed and filed in every case.)* | |

**Signatures**

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Craig D White**
 Signature of Debtor    **Craig Douglas White**

X **/s/ Cheryl N White**
 Signature of Joint Debtor  **Cheryl Neal White**

 Telephone Number (if not represented by attorney)
**May 8, 2014**
 Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
 (Signature of Foreign Representative)

 _____
 (Printed Name of Foreign Representative)

 _____
 Date

**Signature of Attorney***

X **/s/ Jeffrey A Ward**
 Signature of Attorney for Debtor(s)
**Jeffrey A Ward**
 Printed Name of Attorney for Debtor(s)
**Franklin Denney Ward & Dryer PLC**
 Firm Name

**PO Drawer 1140**
**Waynesboro, Virginia 22980**
 Address
**(540) 946-4408**
 Telephone Number
**May 8, 2014**
 Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

 _____
 Printed Name and title, if any, of Bankruptcy Petition Preparer

 _____
 Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

 _____
 Address

X _____
 Signature

 _____
 Date

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
 Signature of Authorized Individual

 _____
 Printed Name of Authorized Individual

 _____
 Title of Authorized Individual

 _____
 Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

In re  Craig Douglas White , Cheryl Neal White _____     Case No. _____
                    Debtor

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

❏ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

B **1D** (Official Form 1, Exh. D) (12/09) – Cont.

❐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❐ 4. I am not required to receive a credit counseling briefing because of:

❐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
❐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.**);**
❐ Active military duty in a military combat zone.

❐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. ' 109(h) does not apply in this district**.**

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:  /s/ Craig D White _____

Date: May 8, 2014 _____

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

In re Craig Douglas White, Cheryl Neal White _____        Case No. _____
                    Debtor

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

❐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed***.**

B **1D** (Official Form 1, Exh. D) (12/09) – Cont.

❒ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❒ 4. I am not required to receive a credit counseling briefing because of:

❒ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
❒ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.**);**
❒ Active military duty in a military combat zone.

❒ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. ' 109(h) does not apply in this district**.**

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Joint Debtor:  /s/ Cheryl N White _____

Date: May 8, 2014_____

B6A (Official Form 6A) (12/07)

In re  Craig Douglas White and Cheryl Neal White,_____                    Case No. _____
                        **Debtor**                                                                    **(If known)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C – Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | Husband, Wife, Joint, or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Primary Residence - Single Family Home 2141 Broadhead School Road Middlebrook VA 24459 (Foreclosure Initiated, claim amount is probably higher due to foreclosure fees, etc.) | Fee Simple Ownership | H | $103,400.00 | $94,245.00 |
| | | Total ▶ | $103,400.00 | |

(Report also on Summary of Schedules.)

B 6B  (Official Form 6B) (12/2007)

In re  **Craig Douglas White and Cheryl Neal White,**_____          Case No. _____
_____**Debtor**                                                                          **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | Husband, Wife, Joint, Or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | Cash on Hand | J | $20.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Bank Accounts | J | $300.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Household Goods 2 Beds 150.00 3 Dressers 75.00 2 Night Stands 20.00 Couch 100.00 3 Chairs 75.00 Dining Room Table/Chairs 125.00 Computer 100.00 Desk 20.00 Stove 100.00 Refrigerator 100.00 Washer/Dryer 150.00 Microwave 25.00 Hutch 50.00 Dishwasher 100.00 Miscellaneous 100.00 | J | $1,300.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | Clothing | J | $200.00 |

B 6B  (Official Form 6B) (12/2007)

In re  Craig Douglas White and Cheryl Neal White,_____          Case No. _____
                                    **Debtor**                                                                    **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| | | | | |
|---|---|---|---|---|
| 7. Furs and jewelry. | | Wedding Rings | J | $200.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | DuPont Retirement Plan (No statement available, vested by former employer) | H | Unknown |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | 4 Shares of DuPont Stock | H | $268.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | Prorated Tax Refunds | J | $140.00 |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

B 6B  (Official Form 6B) (12/2007)

In re  Craig Douglas White and Cheryl Neal White,_____          Case No. _____
                          **Debtor**                                                                      **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| | | | |
|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 1965 Ford Pickup F150 (unknown mileage, broke) | H | $1,000.00 |
| | | 1987 Chevrolet S10 Pickup (parts vehicle) | H | $200.00 |
| | | 1987 Chevrolet S10 Pickup | H | $500.00 |
| | | 2001 Chevrolet Blazer | H | $1,712.00 |
| 26. Boats, motors, and accessories. | X | | |
| 27. Aircraft and accessories. | X | | |
| 28. Office equipment, furnishings, and supplies. | X | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | |
| 30. Inventory. | X | | |
| 31. Animals. | X | | |
| 32. Crops - growing or harvested. Give particulars. | X | | |
| 33. Farming equipment and implements. | X | | |
| 34. Farm supplies, chemicals, and feed. | X | | |

B 6B  (Official Form 6B) (12/2007)

**In re  Craig Douglas White and Cheryl Neal White,**                          **Case No.** _____
_____Debtor_____                                                                                    **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| | | | | |
|---|---|---|---|---|
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

<u>3</u> continuation sheets attached        Total ▶

(Include amounts from any continuation
sheets attached. Report total also on
Summary of Schedules.)

$5,840.00

B6C (Official Form 6C) (04/13)

In re  Craig Douglas White and Cheryl Neal White,_____                Case No. _____
                              **Debtor**                                                                    **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                            $155,675.*
☐ 11 U.S.C. § 522(b)(2)
☒ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Primary Residence - Single Family Home 2141 Broadhead School Road Middlebrook VA 24459 (Foreclosure Initiated, claim amount is probably higher due to foreclosure fees, etc.) | CV §§ 34-4, 34-13 | $3,802.00 | $103,400.00 |
| Cash on Hand | CV §§ 34-4, 34-13 | $20.00 | $20.00 |
| Bank Accounts | CV §§ 34-4, 34-13 | $300.00 | $300.00 |
| Household Goods 2 Beds 150.00 3 Dressers 75.00 2 Night Stands 20.00 Couch 100.00 3 Chairs 75.00 Dining Room Table/Chairs 125.00 Computer 100.00 Desk 20.00 Stove 100.00 Refrigerator 100.00 Washer/Dryer 150.00 Microwave 25.00 Hutch 50.00 Dishwasher 100.00 Miscellaneous 100.00 | CV § 34-26(4a) | $1,300.00 | $1,300.00 |
| Clothing | CV § 34-26(4) | $200.00 | $200.00 |
| Wedding Rings | CV § 34-26(1a) | $200.00 | $200.00 |
| DuPont Retirement Plan (No statement available, vested by former employer) | CV § 34-34 | No statement available, vested by former employer | Unknown |
| 4 Shares of DuPont Stock | CV §§ 34-4, 34-13 | $268.00 | $268.00 |
| Prorated Tax Refunds | CV §§ 34-4, 34-13 | $140.00 | $140.00 |
| 1965 Ford Pickup F150 (unknown mileage, broke) | CV § 34-26(8) | $1,000.00 | $1,000.00 |

**\*** *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B6C (Official Form 6C) (04/13)

**In re** **Craig Douglas White and Cheryl Neal White,**_____     **Case No.** _____
                          **Debtor**                                                                **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
(Continuation Sheet)

| | | | |
|---|---|---|---|
| 1987 Chevrolet S10 Pickup<br>(parts vehicle) | CV §§ 34-4, 34-13 | $200.00 | $200.00 |
| 1987 Chevrolet S10 Pickup | CV §§ 34-4, 34-13 | $500.00 | $500.00 |

B 6D (Official Form 6D) (12/07)

In re **Craig Douglas White and Cheryl Neal White**_____,   Case No. _____
                            **Debtor**                                               **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition.  The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.  List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable.  If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).  If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors.  If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed."  (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule.  Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See Instructions Above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| **ACCOUNT NO. 0980**<br>**DuPont Community Credit Union**<br>**PO Box 1365**<br>**Waynesboro, VA 22980** | | H | 3/2006<br>Secondary Mortgage<br><br>Primary Residence - Single Family Home<br>2141 Broadhead School Road<br>See Attachment 1<br>VALUE $   **$103,400.00** | | | | **$0.00** | **$0.00** |
| **ACCOUNT NO. 6304**<br>**GMAC Mortgage LLC**<br>**c/o Ocwen Loan Servicing LLC**<br>**1611 Worthington Road**<br>**West Palm Beach, FL 33416** | | H | 3/2003<br>First Mortgage<br><br>Primary Residence - Single Family Home<br>2141 Broadhead School Road<br>See Attachment 2<br>VALUE $   **$103,400.00** | | | | **$94,245.00** | **$0.00** |
| **Additional Contacts for GMAC Mortgage LLC (6304):**<br><br>**McCabe Weisberg &**<br>**Conway LLC**<br>**312 Marshall Avenue Suite 800**<br>**Laurel, MD 20707** | | | | | | | | |

_1_ continuation sheets attached

Subtotal ►
(Total of this page)

Total ►
(Use only on last page)

| $ | **94,245.00** | $ | **0.00** |
|---|---|---|---|
| $ | | $ | |

(Report also on Summary of Schedules.)      (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B 6D (Official Form 6D) (12/07) – Cont.

In re **Craig Douglas White and Cheryl Neal White** ,        Case No. _____
              **Debtor**                                                    **(if known)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See Instructions Above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  6327 <br><br>**OneMain Financial 850 Statler Square Suite 108 Staunton, VA 24401** | | H | **10/2009 Purchase-Money Security Interest**<br><br>**2001 Chevrolet Blazer**<br><br>_____<br>VALUE $      $1,712.00 | | | | **$2,217.00** | **$505.00** |
| **Additional Contacts for OneMain Financial (6327):**<br><br>**OneMain Financial PO Box 183172 Columbus, OH 43218-3172** | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

Sheet no.__**1**__of__**1**__continuation sheets attached to Schedule of Creditors Holding Secured Claims

|  | Subtotal (s)▶ (Total(s) of this page) | $      **2,217.00** | $      **505.00** |
|---|---|---|---|
|  | Total(s) ▶ (Use only on last page) | $      **96,462.00** | $      **505.00** |
|  |  | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

# Attachment

**Attachment 1**

> **Middlebrook VA 24459**
> **(Foreclosure Initiated, claim amount is probably higher due to foreclosure fees, etc.)**

**Attachment 2**

> **Middlebrook VA 24459**
> **(Foreclosure Initiated, claim amount is probably higher due to foreclosure fees, etc.)**

B6E (Official Form 6E) (04/13)

**In re** <u>Craig Douglas White and Cheryl Neal White</u> ,     Case No._____

                    Debtor                                                              *(if known)*

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

**[X]**   Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

**[ ]  Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

**[ ]  Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

**[ ]  Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

**[ ]  Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

*\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B 6E (Official Form 6E) (04/13) – Cont.

**In re**  <u>**Craig Douglas White and Cheryl Neal White**</u>  ,    **Case No.**_____

Debtor                                                                      *(if known)*

☐ **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

   Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

*\* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

___**0**___ continuation sheets attached

B 6F (Official Form 6F) (12/07)

In re **Craig Douglas White and Cheryl Neal White** ,          Case No. _____
            **Debtor**                                                                                               **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.**    Var<br><br>**Augusta Health<br>PO Box 1000<br>Fishersville, VA 22939** | | J | 8/2008<br><br>**Medical Services** | | | | $24,260.00 |
| **Additional Contacts for Augusta Health (Var):**<br><br>Augusta Health Care Inc<br>PO Box 79847<br>Baltimore, MD 21279-0847<br><br>Scott Kroner PLC<br>PO Box 2737<br>Charlottesville, VA 22902<br><br>Augusta County Gen Dist Court<br>See Attachment 1 - First Additional Contact | | | | | | | |
| **ACCOUNT NO.**<br><br>**Blue Ridge Oral Surgery<br>54 South Medical Park Drive<br>Fishersville, VA 22939** | | W | 11/2007<br><br>**Dental Services** | | | | $611.00 |

|  | | Subtotal➤ | $ | **24,871.00** |
|---|---|---|---|---|

  **3**   continuation sheets attached

Total➤    $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re **Craig Douglas White and Cheryl Neal White** ,          Case No. _____
                         **Debtor**                                                           **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **Additional Contacts for Blue Ridge Oral Surgery:**<br><br>**Waynesboro General Dist Court**<br>**250 S Wayne Avenue**<br>**Suite 100**<br>**Waynesboro, VA 22980** | | | | | | | |
| ACCOUNT NO.  Var<br><br>**Bull City Fin Solutions Inc**<br>**1107 W Main Street Suite 201**<br>**Durham, NC 27701** | | **W** | **2/2010**<br><br>**Medical Services** | | | | **$191.00** |
| ACCOUNT NO.<br><br>**Columbia House DVD Club**<br>**Customer Service**<br>**PO Box 91601**<br>**Rantoul, IL 61866-8601** | | **W** | **12/2010**<br><br>**DVD Club** | | | | **$115.00** |
| **Additional Contacts for Columbia House DVD Club:**<br><br>**Trident Assistance**<br>**5755 N Point Parkway**<br>**Suite 12**<br>**Alpharetta, GA 30022** | | | | | | | |

Sheet no.___**1**___ of ___**3**___ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

                                             Subtotal▶  $      **306.00**

                              Total▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re **Craig Douglas White and Cheryl Neal White** ,                Case No. _____
                              **Debtor**                                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br>**Deca Financial Services LLC <br>PO Box 910 <br>Fishers, IN 46038-0910** | | W | **8/2013** <br><br>**Medical Services** | | | | $100.00 |
| ACCOUNT NO. <br><br>**JL Walston & Associates <br>326 South Main Street <br>Emporia, VA 23847-2028** | | W | **11/2007** <br><br>**Medical Services** | | | | $240.00 |
| ACCOUNT NO.     Var <br><br>**Medical Data Systems <br>128 W Center Avenue 2nd Floor <br>Sebring, FL 33870** | | J | **6/2012** <br><br>**Medical Services** | | | | $2,288.00 |
| ACCOUNT NO. <br><br>**UVA Physicians Group <br>PO Box 9007 <br>Charlottesville, VA 22906-9007** | | W | **8/2008** <br><br>**Medical Services** | | | | $3.00 |

Sheet no. __**2**__ of __**3**__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal► $ **2,631.00**

Total► $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re  Craig Douglas White and Cheryl Neal White ,                    Case No. _____
                                   Debtor                                                               (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **Additional Contacts for UVA Physicians Group:**<br><br>**UVA Physicians Group<br>Billing<br>500 Ray Hunt Drive<br>Charlottesville, VA<br>22903-2981** | | | | | | | |
| **ACCOUNT NO.**<br><br>**Verizon Virginia Inc<br>500 Technology Drive<br>Weldon Spring, MO 63304** | | H | **4/2003**<br><br>**General Services** | | | | **$312.00** |
| **Additional Contacts for Verizon Virginia Inc:**<br><br>**Verizon Bankruptcy Dept<br>PO Box 3605<br>Bloomington, IL<br>61702-3605** | | | | | | | |

Sheet no.__**3**__ of __**3**__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

| | Subtotal➤ | $ | **312.00** |
|---|---|---|---|
| | Total➤<br>(Use only on last page of the completed Schedule F.)<br>(Report also on Summary of Schedules and, if applicable on the Statistical<br>Summary of Certain Liabilities and Related Data.) | $ | **28,120.00** |

# Attachment

**Attachment 1**

**First Additional Contact**

**6 East Johnson Street**
**Staunton, VA 24401**

B 6G (Official Form 6G) (12/07)

In re **Craig Douglas White and Cheryl Neal White,**                Case No. _____
_____
                          **Debtor**                                         **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

    Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☒ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |

B 6H (Official Form 6H) (12/07)

In re  **Craig Douglas White and Cheryl Neal White,** _____        Case No. _____
_____
                        **Debtor**                                                                 **(if known)**

# SCHEDULE H - CODEBTORS

       Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☒ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

**Fill in this information to identify your case:**

Debtor 1    **Craig Douglas White**
First Name      Middle Name      Last Name

Debtor 2    **Cheryl Neal White**
(Spouse, if filing)   First Name      Middle Name      Last Name

United States Bankruptcy Court for: **Western District of Virginia**

Case number
(If known)

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition
chapter 13 income as of the following date:
_____
MM / DD / YYYY

## Official Form B 6I

# Schedule I: Your Income

12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Describe Employment

**1. Fill in your employment information.**

If you have more than one job, attach a separate page with information about additional employers.

Include part-time, seasonal, or self-employed work.

Occupation may Include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| Employment status | ☒ Employed ☐ Not employed | ☒ Employed ☐ Not employed |
| Occupation | Truck Driver | Customer Service Representative |
| Employer's name | Shenandoah Recycling | Kangeroo Express |
| Employer's address | 1081 New Hope road<br>Number   Street | 313 Springfield Lane<br>Number   Street |
| | Staunton, VA 24401<br>City        State   ZIP Code | Staunton, VA 24401<br>City        State   ZIP Code |
| How long employed there? | 6 Years | 3 1/2 Years |

### Part 2:   Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. $ 3,784.99 | $ 1,485.08 |
| 3. | Estimate and list monthly overtime pay. | 3. + $ 0.00 | + $ 0.00 |
| 4. | Calculate gross income. Add line 2 + line 3. | 4. $ 3,784.99 | $ 1,485.08 |

Debtor 1  **Craig Douglas White**

First Name      Middle Name      Last Name

Case number *(if known)*_____

| | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|
| Copy line 4 here ................................................................. ➔ 4. | $ **3,784.99** | $ **1,485.08** |

5. **List all payroll deductions:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $ **842.49** | $ **242.62** |
| 5b. **Mandatory contributions for retirement plans** | 5b. | $ **0.00** | $ **0.00** |
| 5c. **Voluntary contributions for retirement plans** | 5c. | $ **0.00** | $ **0.00** |
| 5d. **Required repayments of retirement fund loans** | 5d. | $ **0.00** | $ **0.00** |
| 5e. **Insurance** | 5e. | $ **127.53** | $ **0.00** |
| 5f. **Domestic support obligations** | 5f. | $ **0.00** | $ **0.00** |
| 5g. **Union dues** | 5g. | $ **0.00** | $ **0.00** |
| 5h. **Other deductions.** Specify: _____ | 5h. | + $ **0.00** | + $ **0.00** |

6. **Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g +5h.  6.  $ **970.02**   $ **242.62**

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4.  7.  $ **2,814.97**   $ **1,242.46**

8. **List all other income regularly received:**

8a. **Net income from rental property and from operating a business, profession, or farm**

Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.  8a.  $ **0.00**   $ **0.00**

8b. **Interest and dividends**  8b.  $ **0.00**   $ **0.00**

8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive**

Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.  8c.  $ **0.00**   $ **0.00**

8d. **Unemployment compensation**  8d.  $ **0.00**   $ **0.00**

8e. **Social Security**  8e.  $ **0.00**   $ **0.00**

8f. **Other government assistance that you regularly receive**

Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.  $ _____   $ _____

Specify: _____  8f.

8g. **Pension or retirement income**  8g.  $ **0.00**   $ **0.00**

8h. **Other monthly income.** Specify: _____  8h.  + $ _____   + $ _____

9. **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h.  9.  $ **0.00**   $ **0.00**

10. **Calculate monthly income.** Add line 7 + line 9.
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.  10.  $ **2,814.97**  +  $ **1,242.46**  =  $ **4,057.43**

11. **State all other regular contributions to the expenses that you list in *Schedule J*.**

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.

Specify: _____  11. + $ **0.00**

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities and Related Data,* if it applies  12.  $ **4,057.43**

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**

☒ No.

☐ Yes. Explain:

# Addendum

**Attachment 1: Additional Notes**

     **Income is based on the average of eight pay advices for each  debtor from 3/7/14 - 4/25/14.**

**Fill in this information to identify your case:**

Debtor 1 **Craig Douglas White**
First Name          Middle Name          Last Name

Debtor 2 **Cheryl Neal White**
(Spouse, if filing) First Name          Middle Name          Last Name

United States Bankruptcy Court for : **Western District of Virginia**

Case number _____
(If known)

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 expenses as of the following date:
_____
MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2 maintains a separate household

Official Form B 6J

# Schedule J: Your Expenses                    12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Describe Your Household

1. **Is this a joint case?**

   ☐ No.  Go to line 2.
   ☒ Yes. **Does Debtor 2 live in a separate household?**

      ☒ No
      ☐ Yes. Debtor 2 must file a separate Schedule J.

2. **Do you have dependents?**          ☒ No

   Do not list Debtor 1 and          ☐ Yes. Fill out this information for
   Debtor  2.                              each dependent..........................

   Do not state the dependents'
   names.

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**     ☒ No     ☐ Yes

## Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form B 6I).

| | Your expenses |
|---|---|
| 4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4. $ **1,050.00** |
| If not included in line 4: | |
| 4a. Real estate taxes | 4a. $ **0.00** |
| 4b. Property, homeowner's, or renter's insurance | 4b. $ **0.00** |
| 4c. Home maintenance, repair, and upkeep expenses | 4c. $ **150.00** |
| 4d. Homeowner's association or condominium dues | 4d. $ **0.00** |

| Debtor 1 | **Craig Douglas White** | Case number (if known) |
|---|---|---|
| | First Name    Middle Name    Last Name | |

| | | | **Your expenses** |
|---|---|---|---|
| 5. | **Additional mortgage payments for your residence**, such as home equity loans | 5. | $ 0.00 |
| 6. | **Utilities:** | | |
| 6a. | Electricity, heat, natural gas | 6a. | $ **225.00** |
| 6b. | Water, sewer, garbage collection | 6b. | $ 0.00 |
| 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ **380.00** |
| 6d. | Other. Specify: _____ | 6d. | $ 0.00 |
| 7. | **Food and housekeeping supplies** | 7. | $ **625.00** |
| 8. | **Childcare and children's education costs** | 8. | $ 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $ **100.00** |
| 10. | **Personal care products and services** | 10. | $ **50.00** |
| 11. | **Medical and dental expenses** | 11. | $ **100.00** |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $ **275.00** |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $ **200.00** |
| 14. | **Charitable contributions and religious donations** | 14. | $ 0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| 15a. | Life insurance | 15a. | $ 0.00 |
| 15b. | Health insurance | 15b. | $ 0.00 |
| 15c. | Vehicle insurance | 15c. | $ **140.00** |
| 15d. | Other insurance. Specify:_____ | 15d. | $ 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: **Personal Property** | 16. | $ **10.00** |
| 17. | **Installment or lease payments:** | | |
| 17a. | Car payments for Vehicle 1 | 17a. | $ **151.00** |
| 17b. | Car payments for Vehicle 2 | 17b. | $ 0.00 |
| 17c. | Other. Specify:_____ | 17c. | $ |
| 17d. | Other. Specify:_____ | 17d. | $ |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form B 6I).** | 18. | $ 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify:_____ | 19. | $ 0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | |
| 20a. | Mortgages on other property | 20a. | $ 0.00 |
| 20b. | Real estate taxes | 20b. | $ 0.00 |
| 20c. | Property, homeowner's, or renter's insurance | 20c. | $ 0.00 |
| 20d. | Maintenance, repair, and upkeep expenses | 20d. | $ 0.00 |
| 20e. | Homeowner's association or condominium dues | 20e. | $ 0.00 |

Debtor 1    **Craig Douglas White**
              First Name      Middle Name        Last Name

Case number *(if known)*_____

---

21.  **Other**. Specify: **See Attachment 1**_____    21.  +$ **525.00**_____

22.  **Your monthly expenses.** Add lines 4 through 21.
     The result is your monthly expenses.                          22.  $ **3,981.00**_____

23.  **Calculate your monthly net income.**

    23a.  Copy line 12 (*your combined monthly income*) from *Schedule I.*    23a.  $ **4,057.43**_____

    23b.  Copy your monthly expenses from line 22 above.    23b.  − $ **3,981.00**_____

    23c.  Subtract your monthly expenses from your monthly income.
        The result is your *monthly net income.*    23c.  $ **76.43**_____

24.  **Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your
mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☒  No.

☐  Yes.    Explain here:

# Addendum

**Attachment 1**

    **Description: Gifts**
    **Amount: 100.00**

    **Description: Pet Expenses**
    **Amount: 50.00**

    **Description: Vehicle Maintenance**
    **Amount: 150.00**

    **Description: Meals at Work**
    **Amount: 225.00**

B 6 Summary (Official Form 6 - Summary) (12/13)

# UNITED STATES BANKRUPTCY COURT

## WESTERN DISTRICT OF VIRGINIA

### HARRISONBURG DIVISION

In re **Craig Douglas White and Cheryl Neal White**

_____,

*Debtor*

Case No. _____

Chapter **7**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | NO | | $  103,400.00 | | |
| B - Personal Property | NO | | $  5,840.00 | | |
| C - Property Claimed as Exempt | NO | | | | |
| D - Creditors Holding Secured Claims | NO | | | $  96,462.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | NO | | | $  0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | NO | | | $  28,120.00 | |
| G - Executory Contracts and Unexpired Leases | NO | | | | |
| H - Codebtors | NO | | | | |
| I - Current Income of Individual Debtor(s) | NO | | | | $  4,057.43 |
| J - Current Expenditures of Individual Debtors(s) | NO | | | | $  3,981.00 |
| TOTAL | | 0 | $  109,240.00 | $  124,582.00 | |

B 6 Summary (Official Form 6 - Summary) (12/13)

# UNITED STATES BANKRUPTCY COURT

## WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

In re **Craig Douglas White and Cheryl Neal White**
_____,
　　　　　　　　*Debtor*

Case No. _____

Chapter **7**_____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts.  You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ 0.00 |
| Student Loan Obligations (from Schedule F) | $ 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ 0.00 |
| Obligations to Pension or  Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ 0.00 |
| TOTAL | $ 0.00 |

**State the following:**

| | |
|---|---|
| Average Income  (from Schedule I, Line 12) | $ 4,057.43 |
| Average Expenses (from Schedule J, Line 22) | $ 3,981.00 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ 5,270.06 |

**State the following:**

| | | |
|---|---|---|
| 1.  Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ 505.00 |
| 2.  Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ 0.00 | |
| 3.  Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ 0.00 |
| 4.  Total from Schedule F | | $ 28,120.00 |
| 5.  Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ 28,625.00 |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re  **Craig Douglas White and Cheryl Neal White**_____ ,      Case No. _____
                                    Debtor                                                                (if known)


# DECLARATION CONCERNING DEBTOR'S SCHEDULES


### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR


I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of  **28**  sheets, and that they are true and correct to the best of my knowledge, information, and belief.


Date **May 8, 2014**_____          Signature: **/s/ Craig D White**_____
                                                                          **Craig Douglas White**Debtor

Date **May 8, 2014**_____          Signature: **/s/ Cheryl N White**_____
                                                                          **Cheryl Neal White**(Joint Debtor, if any)

                                        [If joint case, both spouses must sign.]

-----------------------------------------------------------------------------------------------------------
**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and  have provided the debtor with a copy of this document and the notices and information  required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3)  if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____          _____
Printed or Typed Name and Title, if any,                          Social Security No.
of Bankruptcy Petition Preparer                                      *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
_____
Address

X _____          _____
   Signature of Bankruptcy Petition Preparer                         Date


Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.*
-----------------------------------------------------------------------------------------------------------

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP


I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.


Date _____

                              Signature: _____

                                            _____
                                            [Print or type name of individual signing on behalf of debtor.]


*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*
-----------------------------------------------------------------------------------------------------------
*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.

B 22A (Official Form 22A) (Chapter 7) (04/13)

In re **Craig Douglas White and Cheryl Neal White**
_____
Debtor(s)

Case Number: _____
(If known)

According to the information required to be entered on this statement (check one box as directed in Part I, III, or VI of this statement):

- ☐ **The presumption arises.**
- ☒ **The presumption does not arise.**
- ☐ **The presumption is temporarily inapplicable.**

# CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual chapter 7 debtor. If none of the exclusions in Part I applies, joint debtors may complete one statement only. If any of the exclusions in Part I applies, joint debtors should complete separate statements if they believe this is required by § 707(b)(2)(C).

## Part I. MILITARY AND NON-CONSUMER DEBTORS

| | |
|---|---|
| 1A | **Disabled Veterans.** If you are a disabled veteran described in the Declaration in this Part IA, (1) check the box at the beginning of the Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of Disabled Veteran.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |
| 1B | **Non-consumer Debtors.** If your debts are not primarily consumer debts, check the box below and complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of non-consumer debts.** By checking this box, I declare that my debts are not primarily consumer debts. |
| 1C | **Reservists and National Guard Members; active duty or homeland defense activity.** Members of a reserve component of the Armed Forces and members of the National Guard who were called to active duty (as defined in 10 U.S.C. § 101(d)(1)) after September 11, 2001, for a period of at least 90 days, or who have performed homeland defense activity (as defined in 32 U.S.C. § 901(1)) for a period of at least 90 days, are excluded from all forms of means testing during the time of active duty or homeland defense activity and for 540 days thereafter (the "exclusion period"). If you qualify for this temporary exclusion, (1) check the appropriate boxes and complete any required information in the Declaration of Reservists and National Guard Members below, (2) check the box for "The presumption is temporarily inapplicable" at the top of this statement, and (3) complete the verification in Part VIII. **During your exclusion period you are not required to complete the balance of this form, but you must complete the form no later than 14 days after the date on which your exclusion period ends, unless the time for filing a motion raising the means test presumption expires in your case before your exclusion period ends.**<br><br>☐ **Declaration of Reservists and National Guard Members.** By checking this box and making the appropriate entries below, I declare that I am eligible for a temporary exclusion from means testing because, as a member of a reserve component of the Armed Forces or the National Guard<br><br>a. ☐ I was called to active duty after September 11, 2001, for a period of at least 90 days and<br>    ☐ I remain on active duty /or/<br>    ☐ I was released from active duty on _____, which is less than 540 days before this bankruptcy case was filed;<br><br>    OR<br><br>b. ☐ I am performing homeland defense activity for a period of at least 90 days /or/<br>    ☐ I performed homeland defense activity for a period of at least 90 days, terminating on _____, which is less than 540 days before this bankruptcy case was filed. |

B 22A (Official Form 22A) (Chapter 7) (04/13)                                                                2

| | Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION | | |
|---|---|---|---|
| 2 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br><br>a. ☐ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br><br>b. ☐ Married, not filing jointly, with declaration of separate households.  By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br><br>c. ☐ Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.**<br><br>d. ☒ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** | | |
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing.  If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | **Column A**<br>**Debtor's**<br>**Income** | **Column B**<br>**Spouse's**<br>**Income** |
| 3 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $   3,784.98 | $   1,485.08 |
| 4 | **Income from the operation of a business, profession or farm.**  Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment.  Do not enter a number less than zero.  **Do not include any part of the business expenses entered on Line b as a deduction in Part V.**<br><br>a. Gross receipts $ 0.00<br>b. Ordinary and necessary business expenses $ 0.00<br>c. Business income   Subtract Line b from Line a | $   0.00 | $   0.00 |
| 5 | **Rent and other real property income.**  Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5.  Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part V.**<br><br>a. Gross receipts $ 0.00<br>b. Ordinary and necessary operating expenses $ 0.00<br>c. Rent and other real property income   Subtract Line b from Line a | $   0.00 | $   0.00 |
| 6 | **Interest, dividends and royalties.** | $   0.00 | $   0.00 |
| 7 | **Pension and retirement income.** | $   0.00 | $   0.00 |
| 8 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.**  Do not include alimony or separate maintenance payments or amounts paid by your spouse if Column B is completed.  Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | $   0.00 | $   0.00 |
| 9 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 9.  However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act   Debtor $ _____   Spouse $ _____ | $   0.00 | $   0.00 |

| | | | |
|---|---|---|---|
| 10 | **Income from all other sources.** Specify source and amount.  If necessary, list additional sources on a separate page.  **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance.** Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism.<br><br>a. $ _____<br>b. $ _____<br><br>Total and enter on Line 10 | $                0.00 | $                0.00 |
| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B.  Enter the total(s). | $     3,784.98 | $   1,485.08 |
| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total.  If Column B has not been completed, enter the amount from Line 11, Column A. | $                5,270.06 | |

## Part III. APPLICATION OF § 707(b)(7) EXCLUSION

| | | |
|---|---|---|
| 13 | **Annualized Current Monthly Income for § 707(b)(7).**  Multiply the amount from Line 12 by the number 12 and enter the result. | $ 63,240.72 |
| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size.  (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)<br><br>a. Enter debtor's state of residence: **Virginia**        b. Enter debtor's household size: **2** | $ 66,470.00 |
| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed.<br><br>☒ **The amount on Line 13 is less than or equal to the amount on Line 14.**  Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI or VII.<br><br>☐ **The amount on Line 13 is more than the amount on Line 14.** Complete the remaining parts of this statement. | |

## Complete Parts IV, V, VI, and VII of this statement only if required.  (See Line 15.)

| | | |
|---|---|---|
| | **Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)** | |
| 16 | **Enter the amount from Line 12.** | $ |
| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter on Line 17 the total of any income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose.  If necessary, list additional adjustments on a separate page.  If you did not check box at Line 2.c, enter zero.<br><br>a. $ _____<br>b. $ _____<br>c. $ _____<br><br>Total and enter on Line 17. | $ |
| 18 | **Current monthly income for § 707(b)(2).** Subtract Line 17 from Line 16 and enter the result. | $ |

B 22A (Official Form 22A) (Chapter 7) (04/13)                                                                                      4

## Part V. CALCULATION OF DEDUCTIONS FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| | | |
|---|---|---|
| 19A | **National Standards: food, clothing and other items.** Enter in Line 19A the "Total" amount from IRS National Standards for Food, Clothing and Other Items for the applicable number of persons.  (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)  The applicable number of persons is the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ |

| | | |
|---|---|---|
| 19B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)  Enter in Line b1 the applicable number of persons who are under 65 years of age, and enter in Line b2 the applicable number of persons who are 65 years of age or older.  (The applicable number of persons in each age category is the number in that category that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.)  Multiply Line a1 by Line b1 to obtain a total amount for persons under 65, and enter the result in Line c1.  Multiply Line a2 by Line b2 to obtain a total amount for persons 65 and older, and enter the result in Line c2.   Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. | $ |

| Persons under 65 years of age | | | Persons 65 years of age or older | | |
|---|---|---|---|---|---|
| a1. | Allowance per person | | a2. | Allowance per person | |
| b1. | Number of persons | | b2. | Number of persons | |
| c1. | Subtotal | | c2. | Subtotal | |

| | | |
|---|---|---|
| 20A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ |

| | | |
|---|---|---|
| 20B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court) (the applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B.  **Do not enter an amount less than zero.** | $ |

| | | |
|---|---|---|
| a. | IRS Housing and Utilities Standards; mortgage/rental expense | $ |
| b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42 | $ |
| c. | Net mortgage/rental expense | Subtract Line b from Line a. |

| | | |
|---|---|---|
| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below:<br><br>_____<br>_____<br>_____ | $ |

| | |
|---|---|
| 22A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8.<br><br>☐ 0  ☐ 1  ☐ 2 or more.<br><br>If you checked 0, enter on Line 22A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 22A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
| 22B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 22B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |

| | | | |
|---|---|---|---|
| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)<br><br>☐ 1  ☐ 2 or more.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.** | | |
| | a. | IRS Transportation Standards, Ownership Costs | $ |
| | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42 | $ |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. | $ |

| | | | |
|---|---|---|---|
| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. **Do not enter an amount less than zero.** | | |
| | a. | IRS Transportation Standards, Ownership Costs | $ |
| | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42 | $ |
| | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. | $ |

| | | |
|---|---|---|
| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self-employment taxes, social-security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ |
| 26 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ |
| 27 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ |
| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 44.** | $ |

| | | |
|---|---|---|
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |
| 30 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare—such as baby-sitting, day care, nursery and preschool.  **Do not include other educational payments.** | $ |
| 31 | **Other Necessary Expenses: health care.**  Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 19B.  **Do not include payments for health insurance or health savings accounts listed in Line 34.** | $ |
| 32 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service—such as pagers, call waiting, caller id, special long distance, or internet service—to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ |
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32. | $ |

| | | |
|---|---|---|
| | **Subpart B: Additional Living Expense Deductions**<br>**Note: Do not include any expenses that you have listed in Lines 19-32** | |

| | | | |
|---|---|---|---|
| 34 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. | | |
| | a. | Health Insurance | $ |
| | b. | Disability Insurance | $ |
| | c. | Health Savings Account | $ |
| | Total and enter on Line 34 | | $ |
| | **If you do not actually expend this total amount**, state your actual total average monthly expenditures in the space below:<br>$ _____ | | |

| | | |
|---|---|---|
| 35 | **Continued contributions to the care of household or family members.**  Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $ |
| 36 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ |
| 37 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 38 | **Education expenses for dependent children less than 18.** Enter the total average monthly expenses that you actually incur, not to exceed $156.25* per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ |

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

| 39 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary**. | $ |
|---|---|---|
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40 | $ |

| **Subpart C: Deductions for Debt Payment** |||
|---|---|---|

| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 42. | |

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |
|---|---|---|---|---|
| a. | | | $ | ☐ yes ☐ no |
| b. | | | $ | ☐ yes ☐ no |
| c. | | | $ | ☐ yes ☐ no |
| | | | Total:  Add Lines a, b and c. | |

Total for Line 42: $

| 43 | **Other payments on secured claims.** If any of debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property.  The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart.  If necessary, list additional entries on a separate page. | |

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | | | $ |
| b. | | | $ |
| c. | | | $ |
| | | | Total:  Add Lines a, b and c |

Total for Line 43: $

| 44 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing.  **Do not include current obligations, such as those set out in Line 28.** | $ |

B 22A (Official Form 22A) (Chapter 7) (04/13)                                                                                          8

| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | | | |
| | | a. | Projected average monthly chapter 13 plan payment. | $ | |
| | | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees.  (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x | |
| | | c. | Average monthly administrative expense of chapter 13 case | Total: Multiply Lines a and b | $ |

| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | $ |

### Subpart D: Total Deductions from Income

| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | $ |

## Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION

| 48 | **Enter the amount from Line 18 (Current monthly income for § 707(b)(2))** | $ |
| 49 | **Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2))** | $ |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result | $ |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | $ |

| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than $7,475\*.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.<br><br>☐ **The amount set forth on Line 51 is more than $12,475\*.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII.  Do not complete the remainder of Part VI.<br><br>☐ **The amount on Line 51 is at least $7,475\*, but not more than $12,475\*.** Complete the remainder of Part VI (Lines 53 through 55). |

| 53 | **Enter the amount of your total non-priority unsecured debt** | $        0.00 |
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. | $        0.00 |

| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than the amount on Line 54.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII.<br><br>☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII.  You may also complete Part VII. |

## Part VII: ADDITIONAL EXPENSE CLAIMS

| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I).  If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item.  Total the expenses. | | |
| | | Expense Description | Monthly Amount |
| | a. | | $ |
| | b. | | $ |
| | c. | | $ |
| | | Total:  Add Lines a, b and c | $ |

*Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B 22A (Official Form 22A) (Chapter 7) (04/13)                                                                                    9

| | **Part VIII: VERIFICATION** |
|---|---|
| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct.  *(If this is a joint case, both debtors must sign.)*<br><br>Date: **May 8, 2014**_____     Signature: **/s/ Craig D White**_____<br>*(Debtor)*<br><br>Date: **May 8, 2014**_____     Signature: **/s/ Cheryl N White**_____<br>*(Joint Debtor, if any)* |

B 7 (Official Form 7) (04/13)

# UNITED STATES BANKRUPTCY COURT

### WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

In re: Craig Douglas White and Cheryl Neal White     Case No _____

<span style="margin-left:100px">Debtor</span>                               (if known)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

**1.  Income from employment or operation of business**

None    State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of
☐      the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

<div style="margin-left:150px">

AMOUNT                           SOURCE

Debtor:

Current Year (2014):
$21,000.00                          Employment


Previous Year 1 (2013):
$56,723.53                          Employment

</div>

Previous Year 2 (2012):
$51,190.62                          Employment

Joint Debtor:
    N/A

### 2. Income other than from employment or operation of business

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                          SOURCE

Debtor:
    Current Year (2014):


    Previous Year 1 (2013):
    $10.68                          Dividend
    $656.88                          Forgiven Debt


    Previous Year 2 (2012):
    $10.20                          Dividend


Joint Debtor:
    N/A

---

### 3. Payments to creditors

***Complete a. or b., as appropriate, and c.***

None
☒

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

Debtor:
Joint Debtor:

None
☒

b. *Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made* within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*)

---

* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
☒

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
☒

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None
☐

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Debtor: | | |
| GMAC Mortgage LLC, c/o Ocwen Loan Servicing LLC 1611 Worthington Road West Palm Beach, FL 33416 | May 13, 2014 | Foreclosure Initated on 2141 Broadhead School Road, Middlebrook, VA  24459 Value: $103,400.00 |
| Joint Debtor: N/A | | |

---

**5. Repossessions, foreclosures and returns**

None

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu

4

☒    of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**6. Assignments and receiverships**

None
☒

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
☒

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

---

**7. Gifts**

None
☒

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

---

**8. Losses**

None
☒

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

---

**9. Payments related to debt counseling or bankruptcy**

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Debtor: | | |
| Franklin Denney Ward & Dryer PLC | 5/2/2014 | $1,050.00 |
| PO Box 1140 | | Retainer |
| Waynesboro, VA 22980 | | |
| | | |
| Joint Debtor: | | |
| N/A | | |

---

**10. Other transfers**

None ☒

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ☒

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

**11. Closed financial accounts**

None ☒

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated

and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

---

### 12. Safe deposit boxes

None ☒

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

---

### 13. Setoffs

None ☒

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

---

### 14. Property held for another person

None ☒

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

---

### 15. Prior address of debtor

None ☒

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

**16. Spouses and Former Spouses**

None
☒

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information**.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites. "

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None
☒

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
☒

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
☒

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

8

---

**18 . Nature, location and name of business**

None
☒

a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|

None
☒

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|------|---------|

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None
☒

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|------------------|-------------------------|

None
☒

b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|------|---------|-------------------------|

None
☒

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|------|---------|

None
☒

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|------------------|-------------|

---

**20. Inventories**

None
☒

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|-------------------|----------------------|------------------------------------------------------------------|

None
☒

b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|-------------------|------------------------------------------------------|

---

**21. Current Partners, Officers, Directors and Shareholders**

None
☒

a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|------------------|--------------------|------------------------|

None
☒

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

NATURE AND PERCENTAGE

| NAME AND ADDRESS | TITLE | OF STOCK OWNERSHIP |
|---|---|---|

---

**22. Former partners, officers, directors and shareholders**

None
☒

a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None
☒

b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None
☒

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**24. Tax Consolidation Group.**

None
☒

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|---|---|

---

**25. Pension Funds.**

None
☒

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|---|---|

* * * * * *

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

| | | | |
|---|---|---|---|
| Date | May 8, 2014 | Signature of Debtor | /s/ Craig D White |
| Date | May 8, 2014 | Signature of Joint Debtor (if any) | /s/ Cheryl N White |

0 continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B 8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA
## HARRISONBURG DIVISION

In re   Craig Douglas White and Cheryl Neal White                     Case No. _____
　　　　Debtor                                                              Chapter 7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A –** Debts secured by property of the estate. *(Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)*

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>GMAC Mortgage LLC | **Describe Property Securing Debt**:<br>Primary Residence - Single Family Home<br>2141 Broadhead School Road<br>Middlebrook VA 24459<br>(Foreclosure Initiated, claim amount is probably higher due to foreclosure fees, etc.) |

Property will be *(check one)*:
　　　　☐ Surrendered　　　　☒ Retained

If retaining the property, I intend to *(check at least one)*:
　　　　☐ Redeem the property
　　　　☒ Reaffirm the debt
　　　　☐ Other.  Explain _____ (for example, avoid lien using 11
U.S.C. § 522(f)).

Property is *(check one)*:
　　　　☐ Claimed as exempt　　　　☒ Not claimed as exempt

| Property No. 2 | |
|---|---|
| **Creditor's Name:**<br>DuPont Community Credit Union | **Describe Property Securing Debt**:<br>Primary Residence - Single Family Home<br>2141 Broadhead School Road<br>Middlebrook VA 24459<br>(Foreclosure Initiated, claim amount is probably higher due to foreclosure fees, etc.) |

Property will be *(check one)*:
    ☐ Surrendered        ☒ Retained

If retaining the property, I intend to *(check at least one)*:
    ☐ Redeem the property
    ☒ Reaffirm the debt
    ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
    ☐ Claimed as exempt    ☒ Not claimed as exempt

| Property No. 3 | |
|---|---|
| **Creditor's Name:**<br>OneMain Financial | **Describe Property Securing Debt**:<br>2001 Chevrolet Blazer |

Property will be *(check one)*:
    ☐ Surrendered        ☒ Retained

If retaining the property, I intend to *(check at least one)*:
    ☐ Redeem the property
    ☒ Reaffirm the debt
    ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
    ☐ Claimed as exempt    ☒ Not claimed as exempt

**PART B** – Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>None | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES    ☐ NO |

B 8 (Official Form 8) (12/08)

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date:  May 8, 2014                                    /s/ Craig D White
_____                        _____
                                                       Signature of Debtor


                                                       /s/ Cheryl N White
                                                       _____
                                                       Signature of Joint Debtor

# UNITED STATES BANKRUPTCY COURT

## NOTICE TO CONSUMER DEBTOR(S) UNDER §342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts:  (1)  Describes briefly the services available from credit counseling services;  (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described.  Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition.  Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition.  In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.  If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1.  Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis**.  The briefing must be given within 180 days **before** the bankruptcy filing.  The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator.  The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.  Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.**  The clerk also has a list of approved financial management instructional courses.  Each debtor in a joint case must complete the course.

## 2.  The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7:  Liquidation ($245 filing fee, $46 administrative fee, $15 trustee surcharge: Total fee $306)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.  Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7.  If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code.  It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law.  A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny

your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.  Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13:  Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $46 administrative fee: Total fee $281)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time.  You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings.  The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors.  The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11:  Reorganization ($1,167 filing fee, $46 administrative fee: Total fee $1,213)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12:  Family Farmer or Fisherman ($200 filing fee, $46 administrative fee: Total fee $246)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

### 3.  Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both.  All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition.  Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

B 203
(12/94)

# United States Bankruptcy Court

## WESTERN DISTRICT OF VIRGINIA

## HARRISONBURG DIVISION

**In re**

    **Craig Douglas White and Cheryl Neal White**

Case No. _____

**Debtor**

Chapter **7**_____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **1,050.00**_____

   Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **1,050.00**_____

   Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **0.00**_____

2. The source of the compensation paid to me was:

       ☒ Debtor        ☐ Other (specify)

3. The source of compensation to be paid to me is:

       ☐ Debtor        ☐ Other (specify)

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

**DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR (Continued)**

d. ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters;~~

e. [Other provisions as needed]

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

**Filing Fees & Expenses, Representation in Adversary Proceedings, Amendments to Petition, Actions to Avoid Judicial Liens, Actions to Correct Erroneous Credit Reports**

---

CERTIFICATION

    I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceedings.

<u>**May 8, 2014**</u>                                           **/s/ Jeffrey A Ward**

*Date*                                                        **Jeffrey A Ward**

                                                           *Signature of Attorney*

                                     **Franklin Denney Ward & Dryer PLC**

                                                       *Name of law firm*