UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

IN RE: CRAIG DOUGLAS WHITE                                 Case No. 14-50524

     Debtor                                                     Chapter 7

CRAIG DOUGLAS WHITE

     Movant                                                     Motion to Avoid Lien No. 1

v.

AUGUSTA MEDICAL CENTER

     Respondent

and

CHARLES R. ALLEN, JR., Trustee

     Respondent

<u>MOTION TO AVOID JUDICIAL LIEN</u>

Comes now Craig Douglas White, by counsel, (hereinafter Debtor) and files this Motion

pursuant to Bankruptcy Code § 522(f) and Bankruptcy Rule 4003(d) to avoid a certain lien on

real property of the Debtor; and in support hereof states unto the Court as follows:

1.  That Debtor filed this proceeding under Chapter 7 of the Bankruptcy Code on May 8,

2014.

2.  That Debtor listed Augusta Medical Center as an unsecured creditor of Debtor.

3.  The Debtor is the fee simple owner of a certain parcel of real estate known as 2141

Broadhead School Road, Middlebrook, Augusta County, Virginia, 24459 (hereinafter real

estate).  A recorded copy of the deed to said real estate is attached hereto and made a part hereof

as Exhibit A.

4.  The value of Debtor's real estate, based on the Augusta County real estate tax assessment is $103,400.00  (A copy of the real estate tax assessment is attached hereto and made a part hereof as Exhibit B).

5.  That on April 27, 2009 Augusta Medical Center obtained a judgment in the amount of $10,761.17 in the Augusta County General Court against Debtor.  Said judgment was not for a debt specified in 11 U.S.C. §523(a)(5).  That the total payoff amount due on said judgment through June 18, 2014 is $14,144.46, which includes principle, accrued interest of $3,322.29, and court costs of $61.00.

6.  Augusta Medical Center docketed said judgment in the County of Augusta Circuit Court on July 2, 2009 at Judgment Docket #090001057, thereby creating a judicial lien against Debtor's real estate.  A recorded copy of the aforesaid judgment lien is attached hereto and made a part hereof as Exhibit C.

7.  That the lien held by Augusta Medical Center is a judicial lien/non-possessory, non-purchase money security interest in the real estate.

8.  That in addition to Augusta Medical Center's lien against the real estate, GMAC Mortgage LLC, c/o Ocwen Loan Servicing LLC holds a Deed of Trust against the real estate as shown by the Deed of Trust of record in the Augusta County Circuit Court Clerk's office at Instrument #030003817, a copy of which is attached hereto and made a party hereof as Exhibit D.

9.  As of June 18, 2014, the total unpaid balance of the real estate loan to GMAC Mortgage LLC, c/o Ocwen Loan Servicing LLC was $96,781.99.  A copy of the mortgage statement is attached hereto and made a part hereof as Exhibit E.

2

10.     Movant claimed a homestead exemption in the amount of $3,802.00.00 for the equity in the real estate on his homestead deed.  A copy of the recorded homestead deed is attached hereto and made a part hereof as Exhibit F.

11.  Augusta Medical Center's judicial lien impairs an exemption to which the Debtor would have been entitled under Bankruptcy Code § 522(b).

12.     In addition to the judgment lien of Augusta Medical Center, DuPont Community Credit Union has an additional Deed of Trust, against the real estate as shown by the Deed of Trust of record in the Augusta County Circuit Court Clerk's office at Instrument #060003832, a copy of which is attached hereto and made a party hereof as Exhibit G.

13.  As of April 11, 2014, the payoff/unpaid principal balance of the additional Deed of Trust to DuPont Community Credit Union was $6,649.27.  A copy of the payoff/unpaid principal statement is attached hereto and made a part hereof as Exhibit H.

14.     In addition to this judgment lien of Augusta Medical Center, the following creditors also have judgment liens against Debtor's real estate in the principal amount indicated:

      a. Augusta Medical Center      9,913.28      DOJ 9/08/2008

      b. Augusta Medical Center      2,468.60      DOJ 5/23/2011

15.  Application of 11 U.S.C. § 552(f)(1)(2)(A) results in the following computation:

| | | |
|---|---|---|
| i) | the lien | $ 14,144.46 |
| ii) | all other liens on the property | $ 115,813.14 |
| iii) | the amount of the exemption claimed | $ 3,802.00 |
| iii) | the sum | $ 133,759.60 |
| iv) | value of Debtor's interest in real estate | $ 103,400.00 |
| v) | Amount of impairment (i.e. amount by which total exceeds Debtor's interest) | $ 30,259.60 |

3

16. That based on the computation under 11 U.S.C. §522(f)(1)(2)(A) Augusta Medical Center's lien on Debtor's real estate impairs his exemption to which he would be entitled under 11 U.S.C. § 522(b).

WHEREFORE, the Debtor respectfully requests the Court to enter an order avoiding the judicial lien described above and grant Debtor such further relief as my be proper and just.

Respectfully submitted,
CRAIG DOUGLAS WHITE
By Counsel

/s/ Jeffrey A. Ward
Jeffrey A. Ward, Esq. (20702)
Counsel for Debtor
Franklin, Denney, Ward & Dryer
P.O. Drawer 1140
Waynesboro, Virginia 22980
540-946-4400
540-946-4417 (fax)

## CERTIFICATE

I hereby certify that on the __24th__ day of June, 2014 a copy of the foregoing motion to avoid judicial lien was either served electronically or mailed, via certified mail return receipt requested to the following parties:

Augusta Health, Inc.
dba/Augusta Medical Center
c/o John W. Sills, III, Registered Agent
PO Box 108
Staunton, VA  24402-0108

Charles R. Allen, JR., Trustee (email)
120 Church Avenue SW
Roanoke, VA  24011

/s/ Jeffrey A. Ward
Jeffrey A. Ward

4

030003815                               PG0156 MAR 14 B

Prepared by Richard W. Ferris, Attorney at Law.

TMP # 88-1R

THIS DEED made this 28th day of February, 2003, by and between **DELTHA M. JACKSON**, party of the first part, hereinafter referred to as the Grantor, and **CRAIG D. WHITE**, party of the second part, hereinafter referred to as the Grantee, whose address is 2141 Broadhead School Road, Middlebrook, VA  24459.

WITNESSETH

THAT FOR AND IN CONSIDERATION of the sum of **Ten Dollars** ($10.00), cash in hand paid, the receipt of which is hereby acknowledged, and for other good and valuable consideration, the Grantor does hereby GRANT, BARGAIN, SELL, and CONVEY with GENERAL WARRANTY and ENGLISH COVENANTS OF TITLE unto the said Grantee, the following described property located in the County of Augusta, Virginia:

> All that certain lot or parcel of land, with all improvements and appurtenances located in Riverheads District, Augusta County, Virginia, containing 1.000 acres, described as Tract 13A on the "Plat showing 1.000 Acre Of Land Being A Portion Of Property Presently In The Name Of Guy R. Boyd," dated March 15, 1999, made by Barry E. Lotts, P.C., L.S., L.P., and recorded in the Clerk's Office of the Circuit Court of Augusta County, Virginia in Deed Book 1421, page 134.

Being the same property conveyed to Deltha M. Jackson by deed of gift from Guy R. Boyd, dated April 20, 1999 and recorded in the Clerk's Office of the Circuit Court of Augusta County, Virginia, in Deed Book 1421, page 131, reference to all of which is herein made for a more particular description, with particular reference made to a certain drainfield easement as shown on the aforementioned plat, as well as derivation of title.



Morants EXHIBIT
A
6-24-14
Case No 14-50524
Pg 1 of 2

PGO157 MAR 14 8

The property hereby conveyed is subject to any and all easements, restrictions, reservations and conditions contained in duly recorded deeds, plats and other instruments constituting constructive notice in the chain of title to the above-described property which have not expired by a time limitation contained therein or which have not otherwise become ineffective.

WITNESS the following signature(s) and seal(s):

_Deltha M. Jackson_ (SEAL)
Deltha M. Jackson

STATE OF VIRGINIA
COUNTY OF AUGUSTA, to-wit:

March   The foregoing instrument was acknowledged before me this 13th day of February, 2003 by Deltha M. Jackson.

_Shawn R Callixin_
Notary Public

My commission expires: 11/30/2006

| | | | |
|---|---|---|---|
| State Tax | 039 | $ 126.00 | VIRGINIA: In the Clerk's Office of the |
| County Tax | 213 | $ 42.00 | Circuit Court of Augusta County, Va. |
| Transfer Fee | 212 | $ 1.00 | March 14   2003   this |
| Clerk's Fee | 301 | $ 14.50 | writing was admitted to record at |
| St. Library | 145 | $ 1.50 | 11:47 o'clock A .M. and the |
| Tech. Fund | 106 | $ 3.00 | Tax imposed by Section 58.1-802 of the |
| State Tax | 038 | $ 42.00 | Code of Virginia in the amt. of |
| Local Tax | 220 | $ 42.00   $ 84.00 | has been paid. |
| | 036 | 10.00 | TESTE: JOHN B. DAVIS, CLERK |
| TOTAL | | $ 282.00 | By: _Karen Trimbley_ , Dep. Clerk |

5/7/2014                                                    Augusta Mass Appraisal Network

Augusta County



[          ▼]

[ Search Locality ]

-Home-   -Legal-   -Contact VamaNet-   -Commissioners-   -Localities-   -FAQs-   -About this
                                         Site-

**Property Information - Tax Map# 088 1R - Account# 0**

| | | |
|---|---|---|
| Property Owner: | Legal Description: | <u>View Sketch</u> |
| White, Craig D. | 88-1r | (Building 1) |
| | W Of Rt 670 Div Of Boyd Land | |
| Owners Address: | Known As Tr 13a On Plat 1.000 Acre | |
| 2141 Broadhead School Rd | | Zoned: |
| Middlebrook, Va 24459 | Prior Assessment:            116,800 | Ga |
| | | |
| Total Land Area: | Assessment Values: | |
| 1.000Acres | <u>Building 1</u>                 58,413 | |
| | <u>Other Improvements:</u>             0 | |
| Physical Location: | <u>Land Value:</u>                45,000 | |
| 2141 Broadhead School Rd | Calculated Value:          103,413 | |
| | Rounded Taxable Value:     103,400 | |
| Magisterial District: | | |
| Riverheads | | |

-Property Information-     -Sales Information-

If you encounter any difficulties with this site, please e-mail the Webmaster.
All rights reserved, Copyright© 2014



Movant's EXHIBIT
B
6-24-24
Case No 14-50524
pg 1

090001057

## ABSTRACT OF JUDGMENT

Commonwealth of Virginia   VA. CODE § 8.01-449

Case No. ......... GV09001087-00

AUGUSTA GENERAL DISTRICT COURT - CIVIL    6 E JOHNSON ST, 2ND FLOOR, STAUNTON, VA 24401
DISTRICT COURT NAME AND ADDRESS

AUGUSTA MEDICAL CENTER                         v.   WHITE, CHERYL
FULL NAME OF PLAINTIFF (LAST, FIRST, MIDDLE)        FULL NAME OF DEFENDANT (LAST, FIRST, MIDDLE)

ADDRESS                                             ADDRESS
                                                    2141 BROADHEAD SCHOOL RD
                                                    MIDDLEBROOK VA 24459

| CITY | STATE | ZIP | CITY | STATE | ZIP |
| DATE OF BIRTH | SSN (LAST FOUR DIGITS ONLY) 0000 | | DATE OF BIRTH | SSN (LAST FOUR DIGITS ONLY) 0000 |

WHITE, CRAIG
FULL NAME OF PLAINTIFF(S)                           FULL NAME OF DEFENDANT(S)

ADDRESS                                             ADDRESS
                                                    2141 BROADHEAD SCHOOL RD
                                                    MIDDLEBROOK VA 24459

| CITY | STATE | ZIP | CITY | STATE | ZIP |
| DATE OF BIRTH | SSN (LAST FOUR DIGITS ONLY) | | DATE OF BIRTH | SSN (LAST FOUR DIGITS ONLY) 0000 |

This is to certify that a judgment was rendered in this court in favor of:

[✗] PLAINTIFF(S) against DEFENDANT(S)

[  ] DEFENDANT(S) against PLAINTIFF(S)

[  ] _____ v. _____

| DATE OF JUDGMENT | 04/27/2009 |
| $ 10,761.17 | AMOUNT OF JUDGMENT |
| $ | AMOUNT OF JUDGMENT NOT SUBJECT TO JUDICIAL OF INTEREST |
| HOMESTEAD EXEMPTION WAIVED [ ] YES [✗] NO [ ] CANNOT BE DEMANDED | |
| $ | ALTERNATE VALUE OF SPECIFIC PROPERTY RECOVERED |
| INTEREST RATE(S) AND BEGINNING DATE(S) 6 % FROM 04/27/09 | |
| COSTS $ 61.00 | ATTORNEY'S FEES $ | ATTORNEY SCOTT/KRONER |

```
                              VIRGINIA
                   IN THE CLERK'S OFFICE OF
                           AUGUSTA COUNTY
                     JULY 2, 2009 AT 02:38PM
          JUDGMENT/RELEASE #090001057 WAS DOCKETED
          UPON CERTIFICATION OF ACKNOWLEDGEMENT
          THERETO ANNEXED, ADMITTED TO RECORD.
          IMPOSED BY SEC. 17.1-275(17)
          OF THE VIRGINIA CODE, HAS BEEN PAID.
          RCPT: 090000014526  BK: _____ PG: _____
          TESTE: JOHN B. DAVIS, CLERK
          BY: _____ D.C.
```

OTHER:

I certify the above to be a true abstract of a judgment rendered in this court.

06/10/2009
DATE                                      [ ] CLERK   [ ] JUDGE

Movant's EXHIBIT
F 14
6-24-14
Case No 14-50524
Pg 1

FORM DC-465 MASTER 7/07

030003817

PG0168 MAR 14 8

WHEN RECORDED MAIL TO:

GMAC Mortgage Corp.
100 Witmer Road
Horsham, PA 19044-0963
ATTN: Capital Markets

Prepared By:                    Parcel Number: 88-1R
Brenda Smith
1 Park West Circle
Midlothian, VA 23114
for: GMAC Mortgage Corporation

———————————— [Space Above This Line For Recording Data] ————————————

Closed End Loan No: 542476304

# DEED OF TRUST

THIS DEED OF TRUST ("Mortgage") is made this                13th            day of
March, 2003            , between the Mortgagor,
Craig D. White

whose address is   2141 Broadhead School Road
Middlebrook, VA 24459

(herein "Borrower" or "Mortgagor"),
Brandon Beswick
Robert Havey
(herein "Trustee"),

whose address is

1 Park West Circle, Suite 101, Midlothian, VA 23113
7202 Glen Forest Drive, #307, Richmond, VA 23226

GMAC Mortgage Corporation
as agent for the District of Columbia Housing Finance Agency acting as nominee for the District
of Columbia Affordable Housing Finance Trust (herein after, including its assigns, called
"Mortgagee" or "Lender") and any future Holder or Holders.

BORROWER, in consideration of the indebtedness herein recited and the trust herein
created, irrevocably grants and conveys to Trustee, in trust, with power of sale, the following
described property located in the County of   Augusta                      , State of Virginia:

FHA VIRGINIA -- AHFT Deed of Trust 2/01
(Page 1 of 10)   Initials: C.D.W.
GMACM - FMS.1224.VA (0107)   170313632        808



PG0169 MAR 14 8

See Attached Schedule A

which has the address of:

2141 Broadhead School Road, Middlebrook, VA 24459

　　　　　　　　　　*(Street)*　　　　　　　*(City)*　　　*(State)*　　*(Zip Code)*

(herein "Property Address" or "Residence"):

　　　　TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property" or "Residence";

　　　　TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's Note dated March 13, 2003　　　　　　　　and extensions and renewals thereof (herein "Note"), in the principal sum of U.S. $ 3,284.40　　　, (the "Loan"), with the balance of the indebtedness, if not sooner paid due and payable on April 1, 2013　　　; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performance of the covenants and agreements of Borrower herein contained.

　　　　BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal.** Borrower shall promptly pay when due the principal indebtedness evidenced by the Note and late charges as provided in the Note.

**2. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraph 1 hereof shall be applied by Lender to the principal of the Note.

**3. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

LOAN NO: 542476304
FHA VIRGINIA - AHFT Deed of Trust 2/01
GMACM - FMS.1224.VA (0107)　　　　*(Page 2 of 10)*　　　　　　　Initials: *C.D.W*

PG 0170 MAR 148

**4. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the property insured against loss by fire, hazards included within the term "extended coverage", and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust, or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

**5. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**6. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, the Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 6, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 6 shall require Lender to incur any expense or take any action hereunder.

**7. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection

LOAN NO: 542476304
FHA VIRGINIA - AHFF Deed of Trust 2/01
GMACM - FMS.1224.VA (0107)        *(Page 3 of 10)*        Initials: _C.D.W_

PG0171 MAR 14 8

specifying reasonable cause therefor related to Lender's interest in the Property.

**8. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**9. Borrower Not Released; Forbearance by Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceeding against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**10. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 14 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to mortgage, grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

**11. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**12. Governing Law; Severability.** The state and local laws applicable to this Deed of Trust shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of Federal law to this Deed of Trust. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the

LOAN NO: 542476304
FHA VIRGINIA - AHFT Deed of Trust 2/01
GMACM - FMS.1224.VA (0107)          *(Page 4 of 10)*          Initials: *C.D.W*

PG0172 MAR 14 8

Note are declared to be severable. As used herein, "costs", "expenses" and "attorneys' fees"
include all sums to the extent not prohibited by applicable law or limited herein.

**13. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this
Deed of Trust at the time of execution or after recordation hereof.

**14. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the
Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold
or transferred and Borrower is not a natural person) without Lender's prior written consent,
Lender may, at its option, require immediate payment in full of all sums secured by this Deed of
Trust. However, this option shall not be exercised by Lender if exercise is prohibited by
Federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The
notice shall provide a period of not less than 30 days from the date the notice is delivered or
mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower
fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies
permitted by this Deed of Trust without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**15. Acceleration; Remedies.** Except as provided in paragraph 14 hereof, upon Borrower's
breach of any covenant or agreement of Borrower in this Deed of Trust, including the
covenants to pay when due any sums secured by this Deed of Trust, Lender prior to
acceleration shall mail notice to Borrower as provided in paragraph 11 hereof specifying:
(1) the breach; (2) the action required to cure such breach; (3) a date, not less than 30 days
from the date the notice is mailed to Borrower, by which such breach must be cured; and
(4) that failure to cure such breach on or before the date specified in the notice may result
in acceleration of the sums secured by this Deed of Trust and sale of the Property. The
notice shall further inform Borrower of the right to reinstate after acceleration and the
right to bring a court action to assert the nonexistence of a default or any other defense of
Borrower to acceleration and sale. If the breach is not cured on or before the date specified
in the notice, Lender, at Lender's option, may declare all of the sums secured by this Deed
of Trust to be immediately due and payable without further demand and may invoke the
power of sale and any other remedies permitted by applicable law. Lender shall be entitled
to collect all reasonable costs and expenses incurred in pursuing the remedies provided in
this paragraph 15, including, but not limited to, reasonable attorneys' fees. The parties to
this document are subject to the provision for Arbitration as set forth in the Closed End
Note which is incorporated by reference as if set forth at length herein.

If Lender invokes the power of sale, Lender or Trustee shall give to Borrower (and
the owner of the Property, if a different person) notice of sale in the manner prescribed by
applicable law. Trustee shall give public notice of sale by advertising, in accordance with
applicable law, once a week for two successive weeks in a newspaper having general
circulation in the county or city in which the Property or some portion thereof is located,
and by such additional or different form of advertisement as the Trustee may deem

LOAN NO: 542476304
FHA VIRGINIA - AHI/7 Deed of Trust 2/01
GMACM - FMS.1224.VA (0107)          *(Page 5 of 10)*          Initials: _C.D.W_

PG0173 MAR 14 8

advisable, if any. Trustee may sell the Property on the eighth day after the first advertisement or any day thereafter, but not later than 30 days following the last advertisement. Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of all or any parcel of the Property by advertising in accordance with applicable law. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold with special warranty of title. The recitals in Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, Trustee's fees of 5 % of the gross sale price, reasonable attorneys' fees and costs of title evidence; (b) to the discharge of all taxes, levies and assessments on the Property, if any, as provided by applicable law; (c) to all sums secured by this Deed of Trust; and (d) the excess, if any, to the person or persons legally entitled thereto. Trustee shall not be required to take possession of the Property prior to the sale thereof or to deliver possession of the Property to the purchaser at such sale.

**16. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to the earlier to occur of (i) the fifth day before sale of the Property pursuant to the power of sale contained in this Deed of Trust or (ii) entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 15 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**17. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 15 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 15 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to,

LOAN NO: 542476304
FHA VIRGINIA - AHFT Deed of Trust 2/01
GMACM - FMS.1224.VA (0107)          *(Page 6 of 10)*          Initials: _CRW_

PG0174 MAR 148

receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**18. Release.** Upon payment of all sums secured by this Deed of Trust, Lender or Trustee shall request Trustee to release this Deed of Trust and shall surrender all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall release this Deed of Trust without charge to Borrower. Borrower shall pay all costs of recordation, if any.

**19. Substitute Trustee.** Lender may from time to time in Lender's discretion remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

**20. Identification of Note.** The Note is identified by a certificate on the Note executed by any Notary Public who certifies an acknowledgment hereto.

**21.** This deed of trust is given to secure the payment of the Loan, according to the terms of a certain Down Payment and Closing Cost Assistance Program Note of even date herewith (the "Loan Closing Date"), signed by the Mortgagor, the payment hereon being due on or before the Maturity Date, as provided by the Note.

The Note secured by this deed of trust has a maturity of ten years, but will be forgiven to the extent of twenty (20%) of the original principal amount on the fifth anniversary of the Loan Closing Date; and additional twenty percent (20%) of the original principal amount on the sixth anniversary of the Loan Closing Date; twenty percent (20%) of the original principal amount on the seventh anniversary of the Loan Closing Date; twenty percent (20%) of the original principal amount on the eighth anniversary of the Loan Closing Date. This deed of trust will be fully forgiven on the tenth (10th) anniversary of the Loan Closing Date. Unless the obligations under the Note and this deed of trust are assumed by the transferee of the Residence qualified under the Program in the opinion of the Servicer (described in the Note) of the Loan to assume such obligations, the Note and this deed of trust securing the Property will be accelerated at the then principal balance if the Mortgagor sells the Residence or voluntarily refinances or prepays more than 20% of the original principal balance of the first deed of trust note within ten years of the Loan Closing Date.

In the event the Mortgagor defaults in the prepayment of said indebtedness, or fails to perform the other covenants and agreements hereof, the Mortgagee may foreclose this deed of trust as provided by law; and as often as any proceedings may be taken to foreclose this deed of trust, the Mortgagor agrees to pay to the Mortgagee a sum equal to ten percent (10%) of the amount due as attorneys' fees, in addition to the other sums due, which shall be a further lien secured hereby. Upon the due payment of said indebtedness and the performance of the covenants and agreements hereof by the Mortgagor, this deed of trust shall become null and void.

This deed of trust is and shall be automatically subordinate to any existing first lien real estate deed of trust on the Property.

LOAN NO: 542476304
**FHA VIRGINIA** - AHPT Deed of Trust 2/01
GMACM - FMS.1224.VA (0107)        *(Page 7 of 10)*          Initials: *C.D.W*

PG0175 MAR 14 8

The parties hereto acknowledge and agree that this deed of trust is subject and subordinate in all respects to the liens, terms, covenants, and conditions of the first lien real estate deed of trust on the Property encumbered by this second lien real estate deed of trust and to all advances heretofore made or which may hereafter be made pursuant to the first lien real estate deed of trust including all sums advanced for the purpose of (a) protecting or further securing the lien of the first lien real estate deed of trust, (b) curing defaults by the Mortgagor under the first lien real estate deed of trust, (c) for any other purpose expressly permitted by the first lien real estate deed of trust, or (d) constructing, renovating, repairing, furnishing, fixturing, or equipping the Property. The terms and provisions of the first lien real estate deed of trust are paramount and controlling, and they supersede any other terms and provisions hereof in conflict therewith. In the event of a foreclosure or deed in lieu of foreclosure of the first lien real estate deed of trust, and provisions herein or any provisions in any other collateral agreement restricting the use of the Property to low or moderate income households or otherwise restricting the Mortgagor's ability to sell the Property shall have no further force or effect on subsequent owners or purchasers of the Property (other than the Mortgagor or a related person or entity of the Mortgagor). Any person including its successors or assigns (other than the Mortgagor or a related person or entity of the Mortgagor), receiving title to the Property through a foreclosure or deed in lieu of foreclosure of the first lien real estate deed of trust shall receive title to the Property free and clear of such restrictions.

Further, if the holder of the first lien real estate deed of trust (the "Senior Lien Holder") acquires title to the Property pursuant to a deed in lieu of foreclosure, the lien of the first lien real estate deed of trust shall automatically terminate upon the Senior Lien Holder's acquisition of title provided that (i) Mortgagee has been given written notice of a default under the first lien real estate deed of trust and (ii) Mortgagee has not cured the default (which cure option may be exercised in Mortgagee's sole discretion under the first lien real estate deed of trust or diligently pursued curing the default as determined by the Senior Lien Holder within the 60-day period provided in such notice sent to Mortgagee).

**NOTICE: THE DEBT SECURED HEREBY IS SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED IN THE EVENT OF SALE OR CONVEYANCE OF THE PROPERTY CONVEYED.**

**REQUEST FOR NOTICE OF DEFAULT
AND FORECLOSURE UNDER SUPERIOR
MORTGAGES OR DEED OF TRUST**

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance and of any sale or other foreclosure action.

LOAN NO: 542476304
FHA VIRGINIA - AHFT Deed of Trust 2/01
GMACM - FMS 1224.VA (0107)          *(Page 8 of 10)*          Initials: _C.D.W_

PGO176 MAR 14 8

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

Borrower (Maker):

_Craig D. White_ _____ (Seal)
Craig D. White                                    -Borrower

_____ (Seal)
                                                  -Borrower

_____ (Seal)
                                                  -Borrower

_____ (Seal)
                                                  -Borrower

Witnesses:

_____   _____

_____   _____

LOAN NO: 542476304
**FHA VIRGINIA** - AHI-T Deed of Trust 2/01
**GMACM - FMS.1224.VA (0107)**          (Page 9 of 10)

PG0177 MAR 14 8

---

## INDIVIDUAL ACKNOWLEDGMENT

**STATE OF VIRGINIA,**

~~COUNTY~~ CITY OF STAUNTON            } SS

The foregoing instrument was acknowledged before me this

March 13, 2003
                                    (date)

by

Craig D. White

(person acknowledging)

My Commission Expires: 11/30/2006

Notary Public

---

LOAN NO: 542476304
**FHA VIRGINIA** - AHFT Deed of Trust 2/01
**GMACM - FMS.1224.VA (0107)**        *(Page 10 of 10)*        Initials: CDW

PGO178 MAR 14 B

SCHEDULE A

All that certain lot or parcel of land, with all improvements and appurtenances located in
Riverheads District, Augusta County, Virginia, containing 1.000 acres, described as Tract
13A on the "Plat showing 1.000 Acre Of Land Being A Portion Of Property Presently In
The Name Of Guy R. Boyd," dated March 15, 1999, made by Barry E. Lotts, P.C., L.S.,
L.P., and recorded in the Clerk's Office of the Circuit Court of Augusta County, Virginia in
Deed Book 1421, page 131.

Being the same property conveyed to Craig D. White, by deed from Deltha M. Jackson,
dated February 28, 2003, and recorded in the Clerk's Office of the Circuit Court of Augusta
County, Virginia immediately prior hereto.

| | | | |
|---|---|---|---|
| State Tax | 039 | $ 4.95 | VIRGINIA: In the Clerk's Office of the |
| County Tax | 213 | $ 1.65 | Circuit Court of Augusta County, Va. |
| Transfer Fee | 212 | $ | *March 14* 20 03 this |
| Clerk's Fee | 301 | $ 28.50 | writing was admitted to record at |
| St. Library | 145 | $ 1.50 | 11:49 o'clock A.M. and the |
| Tech. Fund | 106 | $ 3.00 | Tax imposed by Section 58.1-802 of the |
| State Tax | 038 | $ | Code of Virginia in the amt. of |
| Local Tax | 220 | $ | $ has been paid. |
| | | | TESTE: JOHN B. DAVIS, CLERK |
| TOTAL | | $ 39.60 | By: *Karen Medley* Dep. Clerk |



Ocwen Loan Servicing LLC
PO Box 780
Waterloo, IA 50704-0780

O C W E N

http://ocwen.mortgagebanksite.com

CRAIG D. WHITE
2141 BROADHEAD SCHOOL ROAD
MIDDLEBROOK VA  24459-2403



## Mortgage Account Statement

| Property Address | 2141 BROADHEAD SCHOOL ROAD |
| | MIDDLEBROOK   VA 24459 |
| Home Phone | (540)377-5247 |

| Statement Date | 06/18/14 |
| Account Number | 6304 |
| Payment Date | 07/01/14 |
| **Total Unpaid Amount** | **$22,587.98** |
| If payment is received after 07/16/14, $0.00 late fee will be charged | |

| Customer Care: | 1-800-766-4622 |
| Insurance: | 1-800-256-9962 |
| Payment Arrangements: | 1-800-850-4622 |

### Account Information

| | |
|---|---|
| Principal Balance(PB)* | $74,194.01 |
| Escrow Balance | $3,227.10- |
| Maturity Date | April 01, 2033 |
| Interest Rate | 7.75000 |
| Prepayment Penalty | NO |

*This is your Principal Balance only, not the amount required to pay the loan in full.

### Explanation of Contractual Amount Unpaid

| | |
|---|---|
| Principal | $139.38 |
| Interest | $457.69 |
| Escrow | $136.57 |
| **Total Regular Payment** | **$733.64** |
| Unpaid Payment(s) Amount | $19,077.49 |
| Fees/Other Charges | $2,926.05 |
| Optional Products | $0.00 |
| Subsidy/Buydown | $0.00 |
| Unapplied Funds** | $149.20- |
| **Total Unpaid Amount** | **$22,587.98** |

### Transaction Activity Since Last Statement (05/19/14 to 06/18/14)

| Tran Date | Pmt Date | Description | Tran Total | Principal | Interest | Escrow | Opt Prods | Late Charges | Fees/ Others | Unapplied Funds |
|---|---|---|---|---|---|---|---|---|---|---|
| 06/04/14 | 04/01/12 | Mortgage Ins Paid | $28.89 | | | $28.89 | | | | |
| 05/22/14 | 04/01/12 | PROP INSPECTION FEE | $16.50 | | | | | | $16.50 | |

### Past Payments Breakdown

| | Paid Since Last Statement | Paid Year to Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes and Insurance) | $0.00 | $0.00 |
| Late Charges | $0.00 | $0.00 |
| Fees/Other | $0.00 | $0.00 |
| Unapplied Funds** | $0.00 | $149.20 |
| **Total** | **$0.00** | **$149.20** |

### Special Notices

Please be advised that the address for submission of Qualified Written Requests and requests for information or notice of errors is being changed as of the first of next month. If you need to contact us in the future please forward all correspondence to the following address
Research Department, PO Box 24736
West Palm Beach, FL 33416-4736

### Important News

Our records indicate that you have filed for bankruptcy protection. This statement is being provided for your convenience. If you choose to continue to remit payments, please include the coupon below with any payment you send. If you do not want us to send you mortgage account statements in the future, please contact us at the number listed above.

See reverse side for important information and state specific disclosures.

### Mortgage Payment Coupon

| Account Number | Payment Date | Payment Amount | Amount With Late Fee if Received after 07/16/14 | Total Unpaid Amount |
|---|---|---|---|---|
| 6304 | 07/01/14 | $733.64 | $733.64 | $22,587.98 |

CRAIG D. WHITE

This statement is being furnished for informational purposes only.

**Please assist us in applying your payment correctly.**

| Extra Funds | | |
|---|---|---|
| Full Payment(s) | $ | |
| ADDITIONAL Principal | $ | |
| ADDITIONAL Escrow | $ | |
| Late Charge | $ | |
| Fees/Other (please specify) | $ | |
| Total Amount Enclosed | $ | |

Sign here to receive information on monthly ACH. See back for details.

OCWEN LOAN SERVICING, LLC
PO BOX 9001719
LOUISVILLE KY 40290-1719

6304   00073364   00000   22222   8



EXHIBIT
movants E
6-28-14
tabbies Case No 14-50524
Pg 1

140002838

This document was prepared by
Jeffrey A. Ward, Esq. Bar #20702
Waynesboro, VA 22980

To be returned to:
Franklin, Denney, Ward & Dryer, PLC
129 N. Wayne Avenue
P.O. Drawer 1140
Waynesboro, VA 22980

### HOMESTEAD DEED

**Pin No.** _____

**Name of Householder:**    Craig Douglas White
Cheryl Neal White

**Address:**    2141 Broadhead School Road
Middlebrook, VA 24459

**Is the householder a disabled veteran entitled to claim the additional exemption under 34-4?**    No.

**Name(s) and age(s) of dependent(s):**    None

**County/City in which householder resides:**    **Augusta County**

Description of Personal Property claimed as exempt and its value:

| Craig White | | Cheryl White | |
|---|---|---|---|
| Bank Accounts | 150.00 | Bank Accounts | 150.00 |
| Cash on Hand | 10.00 | Cash on Hand | 10.00 |
| DuPont Stock, 4 Shares | 268.00 | Prorated Tax Refunds | 70.00 |
| Prorated Tax Refunds | 70.00 | | |
| 1987 Chevrolet S10 Pickup (parts vehicle) | 200.00 | | |
| 1987 Chevrolet S10 Pickup | 500.00 | | |
| Equity in 2141 Broadhead School Rd, Middlebrook, VA 24459 | 3802.00 | | |

Total Claimed    **$ 5,000.00**          Total Claimed    **$ 230.00**

_____
Craig Douglas White

_____
Cheryl Neal White

STATE OF VIRGINIA, AT LARGE;
CITY OF WAYNESBORO TO-WIT:

I, the undersigned, Notary Public in and for the State of Virginia, At Large, do certify that Craig Douglas White and Cheryl Neal White, on the 8th day of May, 2014, has acknowledged the same before me.

_____
NOTARY PUBLIC





KATHLEEN B. SMITH
REGISTRATION NO. 237251
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES 1/31/15

INSTRUMENT #140002838
RECORDED IN THE CLERK'S OFFICE OF
AUGUSTA COUNTY ON
MAY  9, 2014 AT 09:36AM

JOHN B. DAVIS, CLERK
RECORDED BY: SCS

060003832

TAX MAP I.D. NO.                                                    PG0240 MAR 27 ᵇ
088 1R

### THIS IS A CREDIT LINE DEED OF TRUST
### (AND A DEFERRED PURCHASE MONEY DEED OF TRUST)
**Prepared by: DuPont Community Credit Union**

**THIS DEED OF TRUST** ("Deed of Trust") is made on _____ March 20, 2006 _____, by and between
CRAIG D WHITE

("Grantor") and ROBERT L. TICHENOR and KEVIN G. LOUNSBURY, Trustees (identified collectively herein as "Trustee"), whose business address is 140 Lucy Lane, Waynesboro, Virginia 22980.

**WITNESSETH:** That for and in consideration of the sum of Ten and No/100 Dollars ($10.00), Grantor hereby grants and conveys to Trustee, with GENERAL WARRANTY AND ENGLISH COVENANTS OF

TITLE, certain real property located in the _____ COUNTY OF AUGUSTA _____, Virginia,

and more particularly described on Exhibit "A" attached hereto and made a part hereof, together with all the improvements now or hereafter erected on the property, and all fixtures, easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, and water rights and stock that now are or hereafter become a part of the property, as well as all replacements thereof and additions thereto. All of the foregoing is referred to in the Deed o f Trust as the "Property", having an address

of _____ 2141 BROAD HEAD SCHOOL RD _____ MIDDLEBROOK, VA 24459

(the "Property Address").

**IN TRUST,** however, to secure the prompt payment of certain negotiable promissory Note(s), with interest, to be executed in accordance with that certain Credit Line Collateral Loan Agreement, (hereinafter "Loan Agreement"), of even date, which is incorporated herein by reference and made a part hereof to the same extent as if fully set forth herein, together with all other obligations, debts and liabilities, plus interest thereon, of Grantor to Vendor, including but not limited to credit card debts and overdrawn checking accounts, as well as all chains by Lender against Grantor, or any one or more of them, whether now existing or hereafter arising, whether voluntary or unrelated to the purpose of the Note(s), whether voluntary or otherwise, whether due or not due, absolute or contingent, liquidated or unliquidated and whether Grantor may be liable individually or jointly with others, whether obligated as guarantor or otherwise, and whether recovery upon such indebtedness may be or hereafter may become barred by any statute of limitations, and whether such indebtedness may be or hereafter may become otherwise unenforceable in

an aggregate sum which shall in no event exceed $ _____ 20100.00 _____, and payable to the

order of **DUPONT COMMUNITY CREDIT UNION** ("Lender") having its principal office at **140 LUCY LANE, WAYNESBORO, VIRGINIA 22980,** which is the address to which any notices to be given to the holder of the Note(s) under Section 55-58.2 of the Code of Virginia may be mailed or delivered, or at such other place as the holder of the Note(s) may from time to time designate in writing, without offset, with interest at the rate(s) provided in the Note(s), until paid. It is understood and agreed that the proceeds of the loan evidenced by the Note(s) secured hereby will be advance from time to time by the holder of the Note(s) in accordance with the provisions of the Loan Agreement that, together with the Note(s) and this Deed of Trust, are hereinafter sometimes collectively referred to as the Loan Agreement that, together with the Note(s) and this Deed of Trust, are hereinafter sometimes collectively referred to as the Loan Documents, and it is further understood and agreed that Grantor shall have the privilege, from time to time, of making repayments on account of the principal sum and the holder of the Note(s) may thereafter make additional advances including re-advances of sums previously repaid as provided in the Loan Documents, but at no time shall the sum of such principal advances, plus the then unpaid balance of the Note(s) secured hereby including all additional advances previously made, exceed the amount stated above, and it being further understood and agreed that each and every advance made pursuant to the terms of the Loan Documents shall be deemed to be an advance made on account of the Note(s) to be secured hereby.

This Deed of Trust also secures to Lender (a) all renewals, extensions and modifications of the Note(s), (b) the payment of all other sums advanced under Paragraph 8 herein to protect the security of the Deed of Trust, with interest, and (c) the performance of Grantor's covenants and agreements under the Loan Documents.

This Deed of Trust also secures performance of a Construction Loan Agreement of even date executed

by one or more of Grantor or by _____ N/A _____ in favor of

Lender, which shall be construed and included as a part of the Loan Documents.

**Grantor and Lender further covenant and agree as follows:**

1.    **Maturity of Obligations.** All obligations secured by this Deed of Trust shall be due and payable no later than fifty (50) years from the date hereof.
2.    **Payment of Principal and Interest; Late Charges.** Grantor shall promptly pay when due the principal of and interest on the debt evidenced by the Note(s) and any late charges due under the Note(s).
3.    **Funds for Taxes and Insurance.** Subject to applicable law and if requested by Lender, Grantor shall pay to Lender on the day monthly payments are due under the Note(s), until the Note(s) are paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the property, if any; (c) yearly hazard or property insurance premiums; (d) yearly flood insurance premiums, if any; (e) yearly mortgage insurance premiums, if any. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for federally related mortgage loan may require for Grantor's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. Section 2601 et seq. ("RESPA"), unless another law that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

-- 1 --


McGuints **EXHIBIT**
G
6-24-14
Case No. 14-50524
pg 1-5

PG 0 2 4 1    MAR 27 99

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality or entity (including Lender if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender shall not charge for so holding and applying the Funds, annually analyzing the escrow account or verifying the Escrow Items, unless Lender pays Grantor interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Grantor to pay a one-time charge for real estate tax reporting by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Grantor any interest or earnings on the Funds. Grantor and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Grantor, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by the Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Grantor for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify the Grantor in writing, and in such case Grantor shall pay to Lender the amount necessary to make up the deficiency. Grantor shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Grantor any Funds held by Lender. If under paragraph 21, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

4.  **Application of Payments.** All payments received by Lender under paragraphs 2 and 3 shall be applied as follows: first, to any late charges due under the Note(s); second, to amounts payable under paragraph 3; third, to interest due; and finally, to principal due.

5.  **Charges; Liens.** Grantor shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Deed of Trust. If requested by Lender, Grantor shall pay these obligations in the manner provided in paragraph 3 and promptly furnish to Lender all notices or amounts to be paid under this paragraph. If not paid in that manner, Grantor shall pay them on time directly to the person owed payment and, if requested by Lender, promptly furnish to Lender receipts evidencing the payments.

Grantor shall promptly discharge any lien which has priority over this Deed of Trust unless Grantor (a) agrees in writing to the payment of the obligation secured by the lien in a manner satisfactory to Lender, (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien or forfeiture of any part of the Property or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Deed of Trust. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Deed of Trust, Lender may give Grantor a notice identifying the lien, and Grantor shall satisfy the lien or take one or more of the actions set forth above within ten (10) days of the giving of the notice.

6.  **Hazard Insurance.** Grantor shall keep all improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included with the term "extended coverage" and any other hazards for which Lender requires insurance. This insurance shall be maintained in the amount and for periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Grantor subject to Lender's approval, which shall not be unreasonably withheld.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Grantor shall promptly give Lender all receipts of paid premiums and renewal notices. In the event of loss, Grantor shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss and Grantor hereby appoints Lender attorney-in-fact to endorse any draft or check for proceeds in payment of any loss and, in the event of sale hereunder, the proceeds from transfer or cancellation of such policies. The proceeds of payment of any loss may be applied, at Lender's election, to any sums secured by this Deed of Trust, whether due or not, or to restoration of the Property, or released to Grantor, or to any one or more of such purposes without affecting the lien, terms, or obligations of or under this Deed of Trust, whether or not Grantor is then the owner of the Property. In the event of sale hereunder or acquisition of any of the Property by Lender, all such insurance policies and proceeds shall become the absolute property of Lender.

7.  **Covenant Against Waste.** Grantor shall not destroy, damage or substantially change the Property, nor allow the Property to deteriorate nor commit waste.

8.  **Protection of Lender's Rights in the Property.** If Grantor fails to perform the covenants and agreements contained in this Deed of Trust, or if there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include (but are not limited to) paying any sums secured by a lien which has priority over this Deed of Trust, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 8, Lender is not obligated to do so.

Any amounts disbursed by Lender under this paragraph 8 shall become additional debt of Grantor secured by this Deed of Trust. Unless Grantor and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the rate then current under the Note(s) and shall be payable, with interest, upon demand by Lender to Grantor.

9.  **Mortgage Insurance.** If Lender requires mortgage insurance as a condition of the making of the loan secured by this Deed of Trust, Grantor shall pay the premiums required to maintain the insurance in effect until such time as the requirement for insurance terminates.

10.  **Inspections.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Grantor notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

--- 2 ---

PG0242 MAR 27 89

11.   **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned to and shall be paid to Lender. Lender may on behalf of and in the name of Grantor execute and deliver valid acquitances for an appeal from any condemnation awards or judgements.

In the event of a partial or total taking of the Property, the proceeds thereof, after payment of all expenses incurred by Lender in any such proceedings, including costs and attorney's fees, shall be applied to the sums secured by this Deed of Trust, whether or not then due, with any excess paid to Grantor.  Grantor appoints Lender attorney-in-fact to settle Grantor's claim for damages and endorse any draft or check issued by any condemnor in payment of any settlement or award.

12.   **Grantor Not Released; Forbearance by Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Grantor shall not  operate to release the liability of the original Grantor or Grantor's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Grantor or Grantor's success or interest.  Any forbearance by Lender in the exercising of any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

13.   **Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Deed of Trust shall bind and benefit the successors and assigns of Lender and Grantor, subject to the provisions of paragraph 18.  The covenants and agreements of Grantor are joint and several.  Any Grantor who co-signs this Deed of Trust but does not execute the Note(s)  (a) is co-signing this Deed of Trust only to grant and convey the interest of such Grantor in the Property under the terms of this Deed of Trust,  (b) is not personally obligated to pay the sums secured by this Deed of Trust, and  (c) agrees that Lender and any other Grantor may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Deed of Trust or the Note(s) without such Grantor's consent.

14.   **Loan Charges.** If the loan secured by this Deed of Trust is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then  (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit and  (b) sums already collected from Grantor which exceeded permitted limits will be refunded to Grantor.  Lender may choose to make this refund by reducing the principal owed under the Note(s) or by making a direct payment to Grantor.  If a refund reduces the principal, the reduction will be treated as partial prepayment.

15.   **Legislation Affecting Lender's Rights.** If enactment or expiration of applicable laws has the effect of rendering any provision of the Note(s) or this Deed of Trust unenforceable according to its terms, Lender, at its option, may require immediate payment in full of all sums secured by this Deed of Trust and may invoke any remedies to which it would be entitled in the event of default hereunder.

16.   **Notices.** Any notice to Grantor provided for in this Deed of Trust shall be given by delivering it or by mailing it by first class mail unless applicable law requires another method. The notice shall be directed to the Property Address or any other address Grantor designates by notice to Lender.  Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Grantor.  Any notice provided for in this Deed of Trust shall be deemed to have been given to Grantor or Lender when given as provided in this paragraph.

17.   **Governing Law; Severability.** This Deed of Trust shall be governed by the laws of the Commonwealth of Virginia.  If any provision or clause of this Deed of Trust conflicts with applicable law, such conflict shall not affect other provisions hereof or of the Note(s) which can be given effect without the conflicting provision.  To this end, the provisions of this Deed of Trust and the Note(s) are declared to be severable.

18.   **Transfer of the Property.** If all or any part of the Property or any interest therein is sold or transferred, without the prior written consent of Lender, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust.

19.   **Incorporation by Reference; Trustee's Actions.** This Deed of Trust is to be construed, except to the extent inconsistent with the provisions hereof, in conformity with Sections 55-59. 55-59.2 and 55-60 of the Code of Virginia, 1950, as amended, in force at the time of the acknowledgement hereof or the corresponding clauses of any later such Code.  To such extent, these clauses are incorporated herein by reference, including: exemptions waived; subject to all upon default; renewal or extension permitted; advertisement required once a week for two consecutive weeks in a newspaper having general circulation in the City or county where at least a part of the Property is located; substitution of trustee permitted; and any trustee may act.

20.   **Trustee's Commission.** Trustee shall be entitled to such commission as may be agreed upon between Trustee and Lender not exceeding five percent (5.0%) of the gross proceeds of any sale hereunder or, in the event the property is advertised for sale but the sale is cancelled, not exceeding two and one-half percent (2.5%) of the then-outstanding indebtedness secured by this Deed of Trust.

21.   **Lender in Possession.** Upon acceleration of the Note(s) or upon abandonment of the Property, Lender (in person, by agent or by judicially appointed receiver) shall be entitled to enter upon, take possession of and manage the Property and collect the rents of the Property including those past due.  Any rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including but not limited to, the receiver's fees, premiums on the receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust.

22.   **Release.** Upon payment of all sums secured by this Deed of Trust and, unless otherwise instructed by Grantor, Lender shall release this Deed of Trust and shall surrender the Note(s) evidencing the debt(s) secured hereby to Grantor.  Grantor shall pay any recordation charges incident to the release of this Deed of Trust.

--- 3 ---

23. **Durable Power of Attorney.** Grantor's appointment of lender as attorney-in-fact for the purposes set forth in paragraphs 6 and 11, shall not expire in the event of Grantor's disability, but shall expire upon payment of all sums secured by this Deed of Trust.

24. **Variable Interest Rate.** Unless the Note(s) provide otherwise, the indebtedness secured hereby shall bear interest at rates that may vary from time to time as set forth in the Note(s), which are incorporated herein by this reference.

25. **Assignment of Rents.** Grantor unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Grantor authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to lender or Lender's agents. However, prior to Lender's notice to Grantor of Grantor's breach of any covenant or agreement in this Deed of Trust, Grantor shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Grantor. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Grantor: (a) all rents received by Grantor shall be held by Grantor as trustee for benefit of Lender only, to be applied to the sums secured by this Deed of Trust: (b) Lender shall be entitled to collect and receive all of the rents of the Property:  (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Grantor has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 25.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Grantor. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by this Deed of Trust is paid in full.

**NOTICE:  THE DEBT SECURED HEREBY IS SUBJECT TO CALL IN FULL OR THE TERMS THERE OF BEING MODIFIED IN THE EVENT OF SALE OR CONVEYANCE OF THE PROPERTY CONVEYED HEREBY.**

**IN WITNESS WHEREOF,** Grantor has signed and sealed this Deed of Trust on the day and year first above written.

_____(SEAL)
CRAIG D WHITE

_____(SEAL)

COMMONWEALTH OF VIRGINIA

County OF Augusta _____, to-wit:

_____ Craig D. White _____ acknowledged

the foregoing instrument before me in the jurisdiction aforesaid on ____ 3/20/06 ____.

_____
Notary Public for the Commonwealth of Virginia

My commission expires: Feb 29, 2008 .

-- 4 --

PG 0 2 4 4   MAR 27 06

EXHIBIT "A"

All that certain lot or parcel of land, with all improvements and appurtenances located in
Riverheads District, Augusta County, Virginia, containing 1.000 acres, described as Tract
13A on the "Plat showing 1.000 Acre Of Land Being A Portion Of Property Presently In
The Name Of Guy R. Boyd, " dated March 15, 1999, made by Barry E. Lotts, P.C., L.S.,
L.P., and recorded in the Clerk's Office of the Circuit Court of Augusta County, Virginia
in Deed Book 1421, page 134.

| | | | |
|---|---|---|---|
| Deed Fee | 036 | $ | 10.00 |
| State Tax | 039 | $ | 50.25 |
| County Tax | 213 | $ | 16.75 |
| Transfer Fee | 212 | $ | |
| Clerk's Fee | 301 | $ | 14.50 |
| St. Library | 145 | $ | 1.50 |
| Tech. Fund | 106 | $ | 5.00 |
| State Tax | 038 | $ | |
| Local Tax | 220 | $ | |
| Outdoor Foundation | 035 | $ | 1.00 |
| TOTAL | | $ | 99.00 |

VIRGINIA: In the Clerk's Office of the
Circuit Court of Augusta County, Va.
March 27 20 06 this
writing was admitted to record at
12:17 o'clock P .M. and the
Tax imposed by Section 58.1-802 of the
Code of Virginia in the amt.of
$ has been paid.
TESTE: JOHN B DAVIS, CLERK
By: Karen Sredley Dep. Clerk

# DuPont Community
## CREDIT UNION

P.O. BOX 1365
WAYNESBORO, VA 22980
www.mydccu.com
(540) 946-3200

Phone inquiries to:  (800) 245-8085
WDE224847-ATM-22283 T49   22793 1 AV 0.357

| ACCOUNT NUMBER | PAGE |
|---|---|
| | 1 |
| 01APR14 | 30APR14 |
| SOCIAL SECURITY NUMBER | FROM | TO |
| C | STATEMENT PERIOD |

CRAIG D WHITE
2141 BROADHEAD SCHOOL RD
MIDDLEBROOK VA 24459

DCCU makes buying or refinancing your home easy! Let DCCU's mortgage team help you find the home loan that's right for you. Contact us today!

Equal Opportunity Lending
NMLS ID# 609369
nmlsconsumeraccess.org

NOTICE: See reverse side for important information

| Savings Suffix 0 | Your balance at the beginning of the period.................$ | | 25.01 |
|---|---|---|---|
| | 30APR Transfer-STL31 to WHITE-L80 0.01 30APR2014 | | |
| | 30APR  Withdrawal-Transfer-STL31 | -0.01 = | 25.00 |
| | | | |
| | Your new balance on 30APR14................................$ | | 25.00 |
| | Dividends Paid To You In 2014 On Suffix 0 | $ 0.01 | |

| Mortgage Loan Loan 80 | Your balance at the beginning of the period.................$ | | 6887.62 |
|---|---|---|---|
| | 12.25% ***ANNUAL PERCENTAGE RATE*** | | |
| | .033562% Daily Periodic Rate | | |
| | | **FINANCE** | |
| | (PAYMENT)**CHARGE**PRINCIPAL | | |
| | 11APR  Payment | (296.14) 57.79 238.35 = | 6649.27 |
| | 30APR  Payment-Transfer-STL31 | (0.01) 0.01 = | 6649.27 |
| | Your new balance on 30APR14...............................$ | | 6649.27 |
| | FINANCE CHARGES PAID IN 2014 ON LOAN 80 | $ 281.54 | |

| Checking Suffix 9 | No. 78409.  Balance at the beginning of the period.........$ | | 253.05 |
|---|---|---|---|
| | 04APR  Withdrawal | -50.00 = | 203.05 |
| | PNC BANK 1250 RICHMOND AVE STAUNTON VAUS | | |
| | 04APR  Deposit | 600.00 = | 803.05 |
| | 04APR  Withdrawal-Fee | -0.50 = | 802.55 |
| | 04APR FEE FOREIGN ATM USAGE 1 @ $0.50 | | |
| | 07APR  Withdrawal | -68.92 = | 733.63 |
| | DOLLAR-GENERAL 4171 LEE J DOLLAR GENERAL 417 GREENVILLE VAUS | | |
| | 08APR  Withdrawal | -50.00 = | 683.63 |
| | 11APR  Deposit | 150.00 = | 833.63 |
| | 14APR  Withdrawal | -78.40 = | 755.23 |
| | DOLLAR-GENERAL 4171 LEE J DOLLAR GENERAL 417 GREENVILLE VAUS | | |
| | 15APR  Withdrawal | -50.00 = | 705.23 |
| | PNC BANK 227 CONICVILLE BLV MT JACKSON VAUS | | |
| | 15APR  Withdrawal-Fee | -0.50 = | 704.73 |
| | 15APR FEE FOREIGN ATM USAGE 1 @ $0.50 | | |
| | 16APR  Withdrawal PETRO SCRANTON DUPONT PAUS | -37.09 = | 667.64 |
| | 16APR  Withdrawal | -150.00 = | 517.64 |
| | 18APR  Withdrawal | -63.00 = | 454.64 |
| | BRANCH BANKING WILCOHESS #735 RAPHINE VAUS | | |
| | 18APR  Deposit | 500.00 = | 954.64 |
| | 18APR  Withdrawal-Fee | -0.50 = | 954.14 |
| | 18APR FEE FOREIGN ATM USAGE 1 @ $0.50 | | |
| | 21APR  Withdrawal | -56.44 = | 897.70 |
| | WAL Wal-Mart S 1344 WAL SAMS STAUNTON VAUS | | |
| | 24APR  Deposit | 500.00 = | 1397.70 |
| | 24APR  Withdrawal | -100.00 = | 1297.70 |
| | Dupont 200 Greenville Road Stuarts DraftVAUS | | |
| | 24APR  Withdrawal | -30.69 = | 1267.01 |
| | KFC J068008 27280080 KFC J068008 2728 STAUNTON VAUS | | |
| | 28APR  Withdrawal | -65.00 = | 1202.01 |
| | Dupont 200 Greenville Rd Stuarts DraftVAUS | | |
| | 28APR  Withdrawal | -30.69 = | 1171.32 |
| | DOLLAR-GENERAL 4171 LEE J DOLLAR GENERAL 417 GREENVILLE VAUS | | |
| | 28APR  Withdrawal | -55.66 = | 1115.66 |
| | DOLLAR-GENERAL 4171 LEE J DOLLAR GENERAL 417 GREENVILLE VAUS | | |
| | 29APR  Deposit-ACH-IRST IRS TREAS 310 (TAX REF) | 53.65 = | 1169.31 |

Morairs EXHIBIT
H
6-24-14
CaseNo. 14-50524
Pg 1

* ASTERISK NEXT TO TRANSACTION DATE INDICATES [...]CTIVE DATE AND NOT THE TRANSACTION DATE.

** Continued on page 2.  Finan[...]y on last page **

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

IN RE: CRAIG DOUGLAS WHITE                          Case No. 14-50524

     Debtor                                        Chapter 7

CRAIG DOUGLAS WHITE

     Movant

v.

AUGUSTA MEDICAL CENTER

     Respondent

and
CHARLES R. ALLEN, JR., Trustee

     Respondent

<u>NOTICE OF HEARING ON MOTION TO AVOID JUDICIAL LIEN</u>

TO:    DEBTOR, COUNSEL OF RECORD, CHAPTER 7 TRUSTEE

     PLEASE TAKE NOTICE that a hearing will be held at:

     TIME:    <u>10:00 A.M.</u>
     DATE:    <u>July 23, 2014</u>
     PLACE:   Federal Courtroom, 3rd Floor, U.S. Courthouse, 116 N. Main Street, Harrisonburg, VA  22802

on the following matter: **Motion to Avoid Judicial Lien**

Date:  June 24, 2014          Respectfully submitted,
                         CRAIG DOUGLAS WHITE
                         By: <u>/s/ Jeffrey A. Ward</u>
                         of Counsel

Jeffrey A. Ward, Esq. (20702)
Counsel for Debtor
Franklin, Denney, Ward & Dryer
P.O. Drawer 1140
Waynesboro, Virginia 22980
540-946-4400
540-946-4417 (fax)

CERTIFICATE OF SERVICE

I hereby certify that on this __24th__ day of June, 2014, the foregoing document was served by first class mail, postage pre-paid, or certified mail return receipt requested or electronically via the CM/ECF system, upon the following persons:

Augusta Health, Inc.
dba/Augusta Medical Center
c/o John W. Sills, III, Registered Agent
PO Box 108
Staunton, VA  24402-0108

Charles R. Allen, Jr., Trustee (email)
120 Church Avenue SW
Roanoke, Virginia 24011

/s/ Jeffrey A. Ward
Jeffrey A. Ward, Esquire

2